Antonio TRAVAGLIANTE and Laura Travagliante, Plaintiffs-Respondents,

v.

J. W. WOOD REALTY COMPANY, a corporation, Defendant-Appellant,

and

Northwest Land Company, a corporation, Defendant.

No. 52743.

Supreme Court of Missouri, Division No. 1.

March 11, 1968.

Wyne & Delworth, by Edward J. Delworth, Clayton, for respondents Antonio Travagliante and Laura Travagliante.

Henry Ebenhoh and Walter S. Berkman, St. Louis, for appellant, J. W. Wood Realty Co.

HOUSER, Commissioner.

This is an action in three counts by Antonio and Laura Travagliante against J. W. Wood Realty Company, a corporation, and Northwest Land Company, a corporation. Northwest Land Company is sole defendant in Count I for the recovery of $2,065, the balance plaintiffs claim is due on the purchase price of certain land sold by plaintiffs to Northwest Land Company. Wood Realty is sole defendant in Count II to recover back a real estate commission of $1,976.10 plaintiffs paid to the realty company as plaintiffs' agent in the sale of the land, and to recover $20,000 damages for failure of the realty company to disclose to plaintiffs, prior to the time the sale was closed, the financial interest which the officers and stockholders of the realty company had in the purchaser, Northwest Land Company. Both Wood Realty and Northwest Land Company are defendants in Count III, in which the realty company is charged with inducing plaintiffs to convey the land with intent to deceive them as to the true purchaser of the land and as to the true value of the land (alleged to be $2,750 an acre— sold for $1,750 an acre), and Northwest Land Company is charged with joining with the realty company, with knowledge of the latter's intent to deceive plaintiffs as to the true purchaser and with knowledge of the true value of the land, in carrying out the deception to its own profit. Plaintiffs pray for judgment in Count III against the realty company for $1,976.10 (the amount of the commission); against Northwest Land Company for $2,065 (the balance of the purchase price), and against both for $20,000 actual and $50,000 punitive damages.

The issues on all three counts were submitted to a jury. On Count I the jury found for plaintiffs and against Northwest Land Company in the sum of $2,089.50 damages. On Count II the jury found for Wood Realty and against plaintiffs. On Count III the jury found for plaintiffs and against both defendants in the sum of $10,207.14 actual damages, and punitive damages as follows: $10,500 against Wood Realty and $10,500 against Northwest Land Company.

Northwest Land Company filed a motion to set aside the verdicts and judgments against it on Counts I and III and to have judgment entered in accordance with its motion for a directed verdict or in the alternative to grant it a new trial. The court overruled Northwest Land Company's motion to set aside and for judgment and sustained its alternative motion for a new trial on Counts I and III.

Plaintiffs filed a motion to set aside the verdict against them on Count II and for judgment in accordance with their motion for a directed verdict on Count II or in the alternative to grant them a new trial. The court overruled plaintiffs' motion to set aside and for judgment and sustained plaintiffs' alternative motion for a new trial.

Wood Realty filed a motion to set aside the verdict and judgment entered against it on Count III and for judgment in accordance with its motion for a directed verdict or in the alternative to grant it a new trial. The court overruled Wood Realty's motion to set aside and for judgment, and sustained its alternative motion for a new trial.

■ Wood Realty filed a notice of appeal from the order granting plaintiffs a new trial on Count II. No appeal was taken by any party with respect to the action of the court on Counts I and III, and no other or further order was made in the case. After the appeal was lodged here plaintiffs filed a motion to dismiss the appeal as premature on the ground that the appeal "does not dispose of the issues as to all parties and as to all issues against all parties, as required by Section 512.020 of the Revised Statutes

of Missouri of 1959." The motion to dismiss the appeal was overruled prior to the hearing of this appeal. In their brief plaintiffs have renewed their motion to dismiss and we will reconsider it. Plaintiffs contend that there is no final judgment within the meaning of that term as used in § 512.-020, V.A.M.S.[1] because the judgment does not dispose of all of the parties and all of the issues and leaves matters for future determination. It is true that when all three new trial motions were sustained the case was pending anew on all counts and was in the same condition as before trial. Plaintiffs' impression, however, that Wood Realty is attempting to appeal from a final judgment, under the statutory right to appeal indicated,[1] is a misapprehension. Wood Realty is not exercising its right to appeal from a final judgment but is properly taking an appeal under that clause of § 512.020, RSMo 1959, V.A.M.S. which authorizes an appeal "from any order granting a new trial." The general rule that in order for a judgment to be final and appealable it must dispose of all parties and issues in the case and leave nothing for future determination is not applicable. The portion of § 512.020 last quoted governs. Fulton v. Bailey, Mo. Sup., 413 S.W.2d 514 [1]. Wood Realty had a right to appeal the order granting plaintiffs a new trial notwithstanding there were other counts remaining undisposed of involving it and another defendant. Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566 [2].

Marty Seithel, employee of Wood Realty, approached Antonio Travagliante and asked him if he wanted to sell a 20-acre tract of land in St. Louis County owned by Antonio and wife. Antonio said he would sell it for $3,000 an acre. Seithel said that he could not give him $3,000 an acre. Antonio then "put it up" at $1,750 an acre, and on the next day, October 16, 1959, plaintiffs and Northwest Land Company signed a printed form of sale contract, the blank spaces of which were filled in with typewriting, in which plaintiffs agreed to sell and Northwest Land Company agreed to buy a certain described tract of land containing "20 acres, (more or less)" for $35,000, "(s)ales price to be adjusted on closing, based on $1750.00 per acre, as shown on accurate survey." Wood Realty was recognized and signed the contract as the agent of the sellers, who agreed to pay a commission of 6% of the sales price. The sale was closed on November 15, 1959. In the closing statement sellers received credit for $32,935 for the land. The survey showed that the tract consisted of 20.014 acres including roads and easements; 18.584 acres excluding road and easements.

Seithel testified that when he presented the sales contract to plaintiffs he explained to them that they were to take back a deed of trust for $26,200; that plaintiffs asked Seithel whether the purchaser, Northwest Land Company, was "sound so far as taking back this financing," and that he explained to plaintiffs that they had "nothing to worry about, it was a reliable company," mentioning Sterling Kennedy, Ed Ryder and George Wood as officers. When asked "Did you tell them who George Wood was?" Seithel answered, "J. W. Wood Company, my boss." Then plaintiffs signed the contract.

Both Antonio and his wife knew that Northwest Land Company was buying the land, but Antonio testified that no one told him that any officer of Wood Realty was also an officer of Northwest Land Company, and that he did not know there was any connection between Northwest Land Company and Wood Realty and that some of the officers of Wood Realty were officers in Northwest Land Company. He said there was no discussion of stock holdings in the two companies. Antonio's wife testified that prior to closing date she did not know anyone connected with Northwest Land Company; that before signing the sale contract no one told her that any

<hr>

1. Allowing an aggrieved party to appeal " * * * from any final judgment in the case * * * "

stockholder or officer of Wood Realty was a stockholder or officer in Northwest Land Company. Asked whether at the time of signing the contract it made any difference to her who the officers of Northwest Land Company were so long as they paid $1,750 an acre, she at first answered "I just don't know—," and then answered "No, it would make no difference, because—we did not get what we asked for." Later, asked "But if you had got $1750.00 per acre it would not make any difference who the officers were of the Northwest Land Company, isn't that correct?," she answered "That is the same."

Wood Realty's first point on this appeal is that the court erred in sustaining plaintiffs' motion for a new trial upon the third ground of the motion, namely, that the court erred in giving Instruction No. 5, offered by Wood Realty.

Count II of plaintiffs' first amended petition alleged that "officers and stockholders of defendant, J. W. Wood Realty Company, had a financial interest in defendant, Northwest Land Company, on and prior to the aforesaid closing date," and that "the aforesaid financial interest in defendant, Northwest Land Company, was not disclosed to plaintiffs."

Plaintiffs' main verdict-directing Instruction No. 4 follows:

"Your verdict must be for plaintiffs on Count II if you believe:

"First, that defendant, J. W. Wood Realty Co., obtained Northwest Land Company as a purchaser of plaintiffs' land mentioned in evidence; and

"Second, that officers and stockholders of J. W. Wood Realty Co. were, during the course of the transactions, officers and stockholders of Northwest Land Company; and

"Third, that no one informed plaintiffs that officers and stockholders of J. W. Wood Realty Co. were, during the course of the transactions, officers and stockholders of Northwest Land Company."

Instruction No. 5 follows:

"Your verdict must be for defendant J. W. Wood Realty Company on Counts II and III if you believe that:

"1. Marty Seithel informed the plaintiffs before the contract for sale was closed that his boss, George Wood, was an officer of Northwest Land Company."

The third ground of plaintiffs' motion for new trial follows:

"That Instruction Number 5 given to the jury on behalf of defendant, J. W. Wood Realty Company, was a misstatement of the law under the evidence as it directed a verdict for J. W. Wood Realty Company if the jury found that J. W. Wood Realty Company's employee, Marty Seithel, informed plaintiffs prior to the closing of the contract of sale that his boss, George Wood, was an officer of North West Land Company when the evidence showed that George Wood was not only an officer but a stockholder of that corporation and that Anthony Wood was a stockholder in both corporations at the time of entering the contract and closing the sale. This is an incomplete hypothesizing of the facts to be found by the jury and is not a converse instruction to plaintiffs' Instruction Number 4 which was plaintiffs' verdict directing instruction on Count II."

■ The point is well taken. The relationship of Wood Realty [the corporate real estate broker] to its customers, the plaintiffs, was the confidential and fiduciary relationship of principal and agent, which imposed upon the broker the obligation to be perfectly frank with its principals, to make a full and complete disclosure of all material facts concerning the transaction which might affect their decision to sell their property to the proposed purchaser, to be loyal to plaintiffs, and to exercise the utmost fidelity and good faith towards them. Wood Realty's obligations were as exacting

as those of a trustee and included the duty to disclose to its principals all material facts fully and completely, i. e., all facts which an agent should realize would be likely to affect the judgment of its principals in giving their consent to sign a proposed sale contract. The " * * * disclosure must include not only the fact that the agent is acting on his own account * * *, but also all other facts which he should realize have * * * a bearing upon the desirability of the transaction from the viewpoint of the principal." Restatement of Agency, § 390, Comment a.; Dittmeier v. Missouri Real Estate Commission, Mo.App., 237 S.W.2d 201, 206; Martin v. Hieken, Mo. App., 340 S.W.2d 161, 165. An agent " '* * * is held to the most perfect faith in the dealings with his principal, and if he * * * omits to disclose any interest which would naturally influence his conduct in dealings with the subject of the employment, it amounts to fraud on the part of the agent.' " Leimkuehler v. Wessendorf, 323 Mo. 64, 18 S.W.2d 445, 453, 454. "The rule is universal that an agent authorized to sell property for another cannot himself be the purchaser, unless he discloses fully to his principal that he is the purchaser, revealing everything within his knowledge relating to the transaction." Benson v. Watkins, 313 Mo. 426, 285 S.W. 407, 408, and other authorities cited in Utlaut v. Glick Real Estate Co., Mo.Sup., 246 S.W.2d 760, 763.

■ The extent of the interest of a principal officer of Wood Realty, the real estate broker, in Northwest Land Company, the purchaser, would be a matter of concern to the owners of the property. Such information, among other things, might tend to discount Seithel's previous statement to them that he could not "give them $3,000 an acre." Plaintiffs were entitled to know not only some but *all* of the financial interconnections between the realty corporation and the purchasing corporation. Appellant's argument that further information was unnecessary and meaningless; that there was "an adequate disclosure of financial interest" and that it was plaintiffs' duty

to request a more complete hypothesization of the facts in this connection, stands for disapproval. Complete, unreserved disclosure was imperative. Wood Realty was entitled to a favorable verdict on Count II only if its agent Seithel informed plaintiffs before the contract of sale was closed that George W. Wood, an officer of Wood Realty Company, owned 45 of the 490 outstanding shares of its stock; that he was an officer (secretary-treasurer) of Northwest Land Company and owner of 98 of the 300 outstanding shares of its stock; and that Anthony B. Wood, an officer of Wood Realty and owner of 45 shares of its stock, owned 2 shares of Northwest Land Company stock. Instruction No. 5 authorized a verdict for Wood Realty if Seithel merely informed plaintiffs "that his boss, George Wood, was an officer of Northwest Land Company." Instruction No. 5 did not submit all of the necessary facts to entitle Wood Realty to a verdict at the hands of the jury on the theory of defense adopted, and the court properly granted plaintiffs' motion for new trial on Count II for error in the giving of Instruction No. 5.

■ Appellants make the tenuous argument that in any event Wood Realty was entitled to a directed verdict in its favor since neither Wood Realty nor its employee Seithel had any interest, financial or otherwise, in Northwest Land Company. Wood Realty concedes that two of its officers were stockholders in and that George Wood was an officer of Northwest Land Company, but this is said to be innocuous because George and Anthony Wood were only *minority* stockholders, and because plaintiffs could not have been prejudiced because it made no difference to the latter who owned Northwest Land Company or where the money came from, as long as plaintiffs got their asking price of $1,750 an acre.

The fact that J. W. Wood Realty Company, a corporation, was not a record owner and a holder of stock in the purchasing corporation does not detract from the fact

that an insufficient disclosure was made to the principals with respect to the interlocking interests of two of its officers and stockholders. The fact that they were minority stockholders is no saving grace. Disclosure of the fact and extent of their interest, however minuscule, was required. The rule of Klein v. Terminal R. Ass'n of St. Louis, Mo.App., 268 S.W. 660, that failure of a broker to disclose the name of the real purchaser ought not defeat the broker's right to a commission, where there is no showing that the principal was or could have been in any way prejudiced or injured thereby, is inapplicable. In Klein the agent had no interest as purchaser. Where the agent has such an interest the rule is different, and in the case of a corporate agent, a financial interest of its officers is sufficient. In Curotto v. Hammack, 362 Mo. 457, 241 S.W.2d 897, where this Court held that a broker employed to sell property cannot become the purchaser, or arrange for a sale to his employees, partners or near relatives, without the principal's full knowledge and consent, we quoted with approval the following pertinent writing from the hand of Cardozo, J.: "If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance (Dunne v. English, L. R. 18 Eq. 524; Imperial Merc. & Credit Assn. v. Coleman, L. R. 6 H. L. 189). Finally, we are told that the brokers acted in good faith, that the terms procured were the best obtainable at the moment, and that the wrong, if any, was unaccompanied by damage. This is no sufficient answer by a trustee forgetful of his duty. The law 'does not stop to inquire whether the contract or transaction was fair or unfair. It stops the inquiry when the relation is disclosed, and sets aside the transaction or refuses to enforce it, at the instance of the party whom the fiduciary undertook to represent, without undertaking to deal with the question of abstract justice in the particular case.' Munson v. Syracuse, G. & C. R. Co., supra [103 N.Y. 58], at page 74, 8 N.E. 355; cf. Dutton v. Willner, 52 N.Y. 312, 319.

Only by this uncompromising rigidity has the rule of undivided loyalty been maintained against disintegrating erosion." [From Wendt v. Fischer, 243 N.Y. 439, 154 N.E. 303, 304.]

Judgment affirmed and cause remanded for trial on all counts.

WELBORN, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.