Ellen J. BLYTHE, Respondent,

v.

Keith I. BLYTHE, Appellant.

No. KCD 30203.

Missouri Court of Appeals,
Western District.

July 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 1979.

Application to Transfer Denied
Oct. 10, 1979.

George E. Kapke, Independence, for appellant; Piedimonte & Cochran, Independence, of counsel.

Gary R. Titus, Independence, for respondent; Tittle & Kerr, a Professional Corp., Independence, of counsel.

Before SOMERVILLE, P. J., and PRITCHARD and TURNAGE, JJ.

PRITCHARD, Judge.

■ In this suit brought by respondent upon a written contract for periodic alimony, the jury returned a verdict for appellant. Thereafter, without specifying any reason, the trial court sustained respondent's motion for new trial. The inquiry is whether any matter set forth in the motion for new trial sustains the grant of a new trial, *State ex rel. State Highway Commission v. Gravois Farmers Club,* 483 S.W.2d 786, 788[1] (Mo.App.1972), and the burden of supporting the action to overcome the presumption of error under Rule 84.05(b) is upon respondent. See also *Brock v. Steward,* 519 S.W.2d 365, 368 (Mo.App.1975).

Apparently, appellant did not serve upon respondent a statement requesting that she prepare the original brief, but proceeded to file his brief first as appellant as in the usual case.

■■ The first ground specified in the motion for new trial is that the verdict is against the weight of the evidence, a discretionary ground under Rule 78.02, *Ogden v. Toth,* 542 S.W.2d 17 (Mo.App.1976). Under Rule 84.05(c), this court may not presume that the new trial was granted upon any discretionary ground. *Vaughn v. Ripley,* 446 S.W.2d 475 (Mo.App.1969). Although respondent argues under her Point I that the ground for the new trial was upon the weight of the evidence, in the face of the presumption and the *Vaughn* case, it may not so be considered. This court may not weigh the evidence to come to the conclusion that the trial court did so in granting the new trial.

The only other possibility of sustaining the grant of the new trial is contained in assignment of error No. 4 of the motion. That assignment sets up that the court erred in refusing Instruction A offered by her, but gave Instruction No. 2, offered by appellant, in that the latter instruction deviated from MAI 26.02 on the breach of a bilateral contract, and it misdirected the jury and prejudiced respondent by allowing

it to find against her, and in effect relieved appellant of his contract obligations under Exhibit 1 (the contract) without requiring a specific finding that the parties intended a forfeiture from the clear wording of the contract. It is further contended that the first paragraph of Instruction No. 2 called attention to the ultimate effect of respondent filing her motion to modify in September, 1975 (claimed by appellant to be a breach of the contract mentioned below) without instructing the jury as to the applicable law relative to forfeiture.

The facts are these: The parties, having been married for 21 years, were divorced on April 21, 1971, appellant was then ordered to pay child support of $50.00 per week and alimony of $100.00 per week, with which appellant complied. In September, 1973, appellant returned to Jackson County, Missouri, to attend his daughter's wedding. He was thereafter served, at a family gathering, with respondent's motion to modify the previous court order. This upset him very much, and he left respondent's home soon after being served. Appellant then retained counsel, and filed various cross-motions to respondent's motion to modify, and the matter was called for hearing on December 3, 1973, at which time the parties reached a compromise embodied in the following written agreement: "COME NOW the parties, personally, and make and agree to the following Stipulation and Agreement, to-wit: WHEREAS Helen Joyce Blythe, hereinafter plaintiff, obtained a decree of divorce from Keith Irwin Blythe, hereinafter defendant, on the 22nd day of April, 1971, and therein received an award of periodic alimony in the amount of one hundred dollars ($100.00) per week and child support for the support of Sue Ann Blythe, in the sum of fifty dollars ($50.00) per week, and, WHEREAS Sue Ann Blythe is now emancipated and is no longer dependent upon the plaintiff, and the date of that emancipation is in dispute by and between the parties, and WHEREAS, plaintiff has filed with the Court a Motion to Modify Decree of Divorce and defendant was served with a copy of that motion

under alleged fraudulent circumstances, and WHEREAS, the plaintiff individually and by and through attorneys of record have reached a compromise settlement agreement, THEREFORE, it is hereby stipulated and agreed: 1. That from and after the 8th day of November, 1973, defendant shall pay to plaintiff periodic contractual alimony in the sum of one hundred thirty dollars ($130.00) per week and further, that such sum shall be increased (or decreased) on each occasion that defendant shall receive an increase (or decrease) in his salary in such manner that the periodic contractual alimony shall increase (or decrease) proportionately with any increase (or decrease) in the salary of the defendant. 2. That the defendant hereby waives any objection to the service on him of the plaintiff's Motion to Modify Divorce Decree filed the 26th day of September, 1973. 3. That defendant hereby waives any credit which may be due him for child support payments made by him prior to the 26th day of September, 1973. 4. That defendant agrees to notify plaintiff, in writing, of any change in his salary within two weeks of the effective date of that change and such notice shall include the percentage any such change shall represent of defendant's total salary. [Here follows the portion of the agreement in contention by the parties.] 5. That in consideration for the terms and conditions of the stipulation and agreement, plaintiff hereby waives any and all rights to move this Court for future changes, modifications, or alterations of the Court order of periodic alimony based on changes in circumstances. And further, plaintiff promises, covenants and agrees not to move, petition or request that this Court or any other Court change, alter or modify this stipulation and agreement or any order heretofore entered by this Court for so long as defendant faithfully performs the covenants and agreements hereby made on his behalf. * * *."

During the first four years after the divorce, the parties abided by the terms of the agreement. The contractual alimony was increased on occasions to conform to appellant's increases in pay. In April, 1975, however, appellant wrote to respondent requesting that she voluntarily agree to a reduction in alimony, which letter was followed by a request to her from appellant's counsel. Finally, appellant filed a motion to modify the decree eliminating alimony as of May 16, 1975, but he continued making payments. Respondent, after consultation with her counsel, during which she advised him of her agreement not to file a motion to modify, upon his advice, did elect to proceed with a motion to increase alimony filed on September 17, 1975. Both parties' motions were dismissed upon the ground that the agreement created a contractual alimony relationship. Thereafter, appellant reduced the amount of his alimony payments, and respondent filed a second motion to modify which was subsequently dismissed by her counsel. On November 29, 1976, appellant eliminated any payments whatsoever to respondent, who filed this action on March 1, 1977.

Appellant contends that Paragraph 5 of the agreement, supra, created a dependent moving cause, which must be performed by respondent, "if she is to expect continued performance by the appellant," and that modified Instruction No. 2 hypothesized the true controversy in the case—"whether or not respondent substantially performed her part of the bilateral agreement," Instruction No. 2 is:

"Your verdict must be for the plaintiff if you believe:

First, plaintiff substantially performed her obligations under the contract, and

Second, defendant did not pay to the plaintiff the payments due her under the contract mentioned in the evidence, and

Third, because of such failure, defendant's contract obligations were not substantially performed, and

Fourth, plaintiff was thereby damaged."

Instruction No. 3 given by the court is:

"Your verdict must be for defendant unless you believe each proposition submitted to you in Instruction No. 2"

Instruction No. A, offered by plaintiff, but refused in lieu of the giving of Instruction No. 2, is:

"Your verdict must be for the plaintiff if you believe:

First, defendant did not pay to the plaintiff the payments due her under the contract mentioned in the evidence, and

Second, because of such failure, defendant's contract obligations were not substantially performed, and

Third, plaintiff was thereby damaged."

Instruction No. A follows the form prescribed by MAI 26.02, while Instruction No. 2 is a deviation therefrom, as to the submission upon the theory of breach of a bilateral contract, in that it adds the paragraph, "First, plaintiff substantially performed her obligations under the contract." Then Instruction No. 3 permitted the jury to find that respondent did not substantially perform her obligations under the contract, i. e., that she breached the contract by her filing of motions to modify the divorce decree which the jury could conclude was a complete defense to respondent's claim. For the reasons following, Instructions Nos. 2 and 3 constituted an erroneous submission.

■ It is true, as appellant says, citing *Rexite Casting Co. v. Midwest Mower Corporation,* 267 S.W.2d 327 (Mo.App.1954), that one cannot claim the benefit of a contract which he has first breached. As noted, however, at page 332 of that opinion, plaintiff's breach of the indivisible contract was in a *material* manner, and thus it was precluded from recovering on its contract. § 274, Rest. Contracts, speaks of that situation: "(1) In promises for an agreed exchange, any material failure of performance by one party not justified by the conduct of the other discharges the latter's duty to give the agreed exchange even though his promise is not in terms conditional. An *immaterial failure* does not operate as such a discharge. * * *." (Italics added.) Then, in § 275, Rest. Contracts, the rules for determining the materiality of a failure to perform a promise are set forth: "(a) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated; (b) The extent to which the injured party may be adequately compensated in damages for lack of complete performance; (c) The extent to which the party failing to perform has already partly performed or made preparations for performance; (d) The greater or less hardship on the party failing to perform in terminating the contract; (e) The wilful, negligent or innocent behavior of the party failing to perform; * * *."

■ It is clear from the contract for alimony here that the parties agreed upon an exchange of promises, each dependent on the other in a bilateral contract—the appellant agreed that he would pay the contractual alimony in an increased amount in exchange of respondent's promise that she would not move to modify the original decree in respect to alimony. Thus, the contractual alimony was not based upon a condition, but was upon the parties' mutual promises or covenants.

Respondent did not file her first motion to modify the decree as to alimony until after appellant requested her to reduce it, and after he, himself, filed a motion directed toward modification. Both motions were dismissed because of the contract for alimony. Then, upon appellant's unilateral reduction of his payments, respondent filed her second motion to modify, which motion was dismissed by her counsel without adjudication. Although respondent was in technical violation of her agreement, her actions in filing her motions were induced by appellant's own action in filing his motion which obviously flew in the face of his own agreement to pay alimony in accordance with the contract. Respondent thus had valid excuses for filing her motions. This brings into play paragraph (e) of § 275, supra, and shows that respondent's motion, although in technical violation of her agreement, was not wilful, but rather was filed in relative innocence. Also respondent had performed her part of the agreement up to the time appellant filed his motion, bringing into play paragraph (c) of § 275.

But what is of more importance here is that the jury was permitted to find that respondent had not substantially performed her obligations under the contract under the submissions of Instructions Nos. 2 and 3, thus imposing great hardship upon her

under paragraph (d) of § 275. What appellant possessed under the contract was a vested right to receive alimony thereunder. What the verdict of the jury did was to deprive her of that vested right and, in effect, imposed a forfeiture upon her. "It is well settled that forfeitures are not favored by either law or equity. [Citing cases.]" *Norman v. Durham,* 380 S.W.2d 296, 301[4–7] (Mo.1964). See also *Schurtz v. Cushing,* 347 Mo. 113, 146 S.W.2d 591 (1941). "Forfeitures cannot and should not be declared when the rights of the parties have become vested. *Missouri State Life Ins. Co. v. Foster,* 188 Ark. 1116, 69 S.W.2d 869, 871[5–7]." *Durham,* supra, at page 301. Under Rest. Contracts, § 275, supra, and under the particular facts of this case, respondent's failure to perform her part of the agreement must be deemed not to amount to a material breach thereof. No fact here appears that would justify a modification of MAI 26.02, and it was error for the trial court to do so in its giving of Instructions Nos. 2 and 3. For this reason, it was not error for the court to grant the new trial.

The judgment is affirmed.

All concur.