Lamoura ROBINSON, Appellant,

v.

The MAY DEPARTMENT STORES COMPANY, Mark Krampf, Michael Deters, and Terry Niblett, Respondents.

No. 50609.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 1987.

Richard K. Zerr, Ronald R. Fralicx, St. Charles, Robert F. Ritter, Paul C. Hetterman, St. Louis, for appellant.

Evans & Dixon, Eugene K. Buckley, May, Krampf & Deters, St. Louis, for respondents.

CRIST, Judge.

Appellant (plaintiff) brought an action for actual and punitive damages against respondents The May Department Stores Company (May), May security personnel Mark Krampf and Michael Deters, and against May customer Terry Niblett. At the close of plaintiff's evidence the court directed verdicts for defendant Niblett on all counts, and for the other defendants on some counts. On the counts submitted to them, the jury returned verdicts for Deters against plaintiff, found for plaintiff against May on one count, and on all the other counts they were unable to reach verdicts. After receiving post-trial motions the trial court granted May a new trial, ordered a re-trial of the counts for which there were no verdict, and ordered that the verdicts for Deters be held in abeyance. We affirm the judgment granting May a new trial, and dismiss plaintiff's appeal from the denial of her motion for a new trial.

In her nineteen-count petition plaintiff sought: (1) damages for assault and battery against all four defendants; (2–5) punitive damages arising out of the assault and battery count from each defendant; (6) damages for false imprisonment against all four defendants; (7–10) punitive damages arising out of the false imprisonment count from each defendant; (11) damages for malicious prosecution against May and Krampf; (12–13) punitive damages arising out of the malicious prosecution count; (14) damages for outrageous conduct against all four defendants; (15–18) punitive damages arising out of the outrageous conduct count from each defendant; and (19) actual and punitive damages from May for negligence in the supervision of its employees.

The trial court, at the close of plaintiff's evidence, directed verdicts for Niblett on all counts, for May, Krampf and Deters on the claims of outrageous conduct (Count 14) and for May on the negligence count (Count 19). The remaining counts were submitted to the jury. On the claim for assault and battery (Count 1) the jury returned a verdict against May in favor of plaintiff in the amount of $100,000 actual damages and no punitive damages, and a verdict in favor of Deters; however, they were unable to reach a verdict on the claim against Krampf. On the claim for false imprisonment (Count 6) the jury was unable to reach verdicts on the claims against May and Krampf, and on the claim against Deters they indicated by an unsigned verdict form that they found in favor of defendant Deters eleven to one. The verdict for Deters was confirmed in open court when the jury was polled and at least eleven indicated their finding was in favor of Deters. On the claim for malicious prosecution (Count 11) the jury was unable to reach a verdict as to either May or Krampf.

The trial court accepted the jury's verdicts. Plaintiff filed a Motion for Judgment Non Obstante Veredicto or in the Alternative Motion for New Trial as to all four defendants. May filed a Motion for New Trial as to the claim of assault and battery. Plaintiff's motion was overruled; May's motion was sustained. Specifically, by order of August 30, 1985, as amended September 5, 1985, the trial court set aside the verdict against May; ordered a new trial on the assault and battery claim against May; ordered a re-trial on each count where the jury was unable to reach a verdict; accepted the verdicts in favor of Deters, holding them in abeyance until all claims had been resolved; and overruled plaintiff's motion for a new trial on the claims for which verdicts had been directed against plaintiff.

Plaintiff filed a Notice of Appeal wherein she asserted she was appealing from the "[d]enial of Plaintiff's Motion for New Trial and [the] granting of Defendant's Motion for New Trial." In her brief plaintiff asserts the trial court erred in the giving of certain instructions to the jury and in the acceptance of the jury's verdicts. The relief requested in her brief on appeal is "a new trial on all of the claims and counts she has pleaded."

There can be no appeal unless there is a final judgment. § 512.020, RSMo (1978); *Klippel v. Watkins,* 667 S.W.2d 28, 30[3] (Mo.App.1984). When a new trial is granted, as it was to May, there is not a final judgment disposing of all the parties and issues. § 512.020, RSMo (1978); *Meinhold v. Huang,* 687 S.W.2d 596, 598[1] (Mo. App.1985). Plaintiff even concedes the jury verdicts "failed to dispose of all the parties and material issues submitted to the jury"; there is no final judgment entered on her petition from which she can appeal.

Just as there is no final judgment when the jury cannot reach a verdict or when a new trial is granted, there is no final judgment as to those claims for which the court directed verdicts or those which the court has ordered held in abeyance. The directed verdicts in favor of defendant Niblett, and those in favor of the other defendants on the outrageous conduct and negligence claims will not be final until all the issues and parties in the suit have been disposed of. *State Hwy. Com'n of Missouri v. Keeley,* 696 S.W.2d 865, 867[5] (Mo. App.1985). The trial court ordered the verdicts in favor of Deters to be held in abeyance, these also are not final judgments. *Wolfe v. Harms,* 413 S.W.2d 204, 219[31] (Mo.1967).

In her reply brief, plaintiff argues that the claims against Deters are so interrelated with those against the other defendants that everything must be retried together. Plaintiff has not filed a record concerning the evidence adduced at trial. Rule 81.12(a). There is nothing before us to indicate any interrelatedness of the claims except the bare assertions in plaintiff's brief and those do not provide a record for review. *Coulter v. Michelin Tire Co.,* 622 S.W.2d 421, 437 [34, 35] (Mo. App.1981), *cert. denied,* 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1981). There is no final judgment to be appealed from. Plaintiff's appeal from the denial of her motion for a new trial is dismissed.

The granting of the new trial to May, however, can be appealed. § 512.020, RSMo (1973). *Travagliante v. J.W. Wood Realty Co.,* 425 S.W.2d 208, 211[1] (Mo. 1968). Although plaintiff's notice of appeal indicates an intention to appeal from the grant of a new trial to May on the assault and battery claim, that intention was not realized on appeal. Nowhere in her brief does plaintiff claim the trial court erred in granting the new trial; in fact, the relief she requests is a new trial on all issues including the claim against May for assault and battery. Although that order was appealable, plaintiff has waived the issue on appeal by failing to deal with it in her brief. *DeLisle v. Cape Mutual Ins. Co.,* 675 S.W.2d 97, 103[7] (Mo.App.1984).

Plaintiff's appeal from the denial of her motion for a new trial is dismissed. The judgment granting May a new trial on the assault and battery claim is affirmed.

KELLY, P.J., and SIMEONE, Senior Judge, concur.