**Patricia VOGT, Plaintiff–Respondent,**

v.

**Harry KATZ, M.D.,
Defendant–Appellant.**

**No. 52401.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 26, 1988.

Application to Transfer Denied
March 15, 1988.

Vernon R. Dawdy, Fenton, for defendant-appellant.

James F. Koester, Kenneth D. Koester, St. Louis, for plaintiff-respondent.

GRIMM, Judge.

In this jury tried case, plaintiff, Patricia Vogt, claimed that defendant, Dr. Harry Katz, caused her to contract an infection in her elbow when he did not properly cleanse the area before injecting her with a cortisone solution. The jury returned a verdict in favor of Katz. However, the trial court granted Vogt a new trial on the ground that the verdict was "against the greater weight of the evidence." Katz appeals this trial court ruling. We affirm.

There is one controlling issue on appeal: Whether the trial court abused its discretion by granting a new trial on the grounds that the verdict was against the weight of the evidence. Our review is limited to a determination of whether Vogt made a submissible case. If Vogt failed to make a submissible case, then the trial court's exercise of its broad discretionary power to grant one new trial on the ground that the verdict is against the weight of the evidence is abusive. We treat the order as presumptively correct and review its sustention in a liberal manner. *Burrage v. McGee,* 644 S.W.2d 374 (Mo.App.E.D.1983). We find that Vogt made a submissible case and therefore we affirm the trial court's ruling. Katz raises several other points,

however, there is no need to consider them because the disposition of the first point is fully dispositive of the case.

Briefly, the evidence indicates that Vogt had been a patient of Katz since October, 1983. In January, 1984, she complained of pain in several areas, including her right elbow. In April, 1984, she again complained of pain in her right elbow and Katz gave her an injection of Kenalog, a long-acting member of the cortisone family. This helped, but the pain returned, and on May 14, 1984, Katz gave her an injection of carbacane. Vogt said her arm "felt numb, but it didn't hurt", after receiving that shot. Although Katz said he prepared the injection site by scrubbing with alcohol, Vogt said that Katz did not use alcohol, iodine, betadine or anything at all to cleanse the area where he gave the shots.

Vogt worked the next day, but during that night she had severe pains in her right arm, so early on May 16, her husband picked her up at her place of employment and drove her to Katz's office. At that time Katz administered two more injections into Vogt's elbow. Again, Katz claimed he prepared the site with alcohol, while Vogt said he did not.

The pain did not abate after the injections were administered and some time later that evening, Mr. Vogt drove her to the hospital. There, Dr. Kenneth Ross, in examining Vogt, found that she had limited movement in the infected elbow. It was swollen, red, and tender to the touch, and she had a low grade temperature. Dr. Ross made a tentative diagnosis of aseptic, which he explained to mean "that it probably had had an infection but it was no longer infectious" and she was given a battery of tests, including a blood culture. The culture taken from the elbow came back positive, showing a staph aureus infection. Vogt was then put on antibiotics for three days, but they didn't help. Surgery was then performed on her elbow.

The controlling issue on appeal is whether the trial court abused its discretion in granting a new trial on the ground that the verdict was against the weight of the evidence. Finding it did not, we affirm the trial court's ruling.

Rule 78.02 provides that "only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." However, a trial court has broad discretion to grant one new trial on that ground. This action will presumptively be viewed as correct. *State ex rel. State Highway Commission v. Vaught*, 400 S.W. 2d 153, 155 (Mo.Div.2 1966); *Goodin v. May*, 474 S.W.2d 33 (Mo.App.S.D.1971). Appellate courts are liberal in sustaining an order granting such a new trial. *Fischer v. Famous–Barr Co.*, 646 S.W.2d 819 (Mo.App.E.D.1982). In conducting its review, an appellate court must consider the evidence in a light most favorable to the plaintiff, including the benefit of all favorable inferences that can reasonably be drawn from the evidence, and disregarding defendant's evidence unless it aids the plaintiff. *Burks v. Leap*, 413 S.W.2d 258 (Mo.Div.1 1967). In addition, the appellate courts will not weigh the evidence, because that is solely the function of the trial court in considering a motion for new trial where the ground asserted is that the verdict is against the weight of the evidence. *Friedman v. Brandes*, 439 S.W.2d 490, 492 (Mo. Div.2 1969).

With these principles in mind, we find that Vogt made a submissible case. It is undisputed that Katz gave Vogt injections into her right elbow, and, in viewing the evidence in the light most favorable to the plaintiff, the injection was into the epicondyle, which is a bone very close to the elbow. At trial, Dr. Ross expressed his opinion, based upon a reasonable degree of medical certainty, (1) that a physician, with the degree of care, skill, and learning that is ordinarily demonstrated by a prudent physician under the same or similar circumstances, would properly cleanse the injection site before making an injection into the epicondyle; (2) that the standard of care of good medical practice in preparing for an injection into the epicondyle is to first scrub with betadine, then spray with a betadine prescription and immediately before injecting a needle, the actual puncture site would be cleansed with alcohol; (3) that failure to use betadine to cleanse the area was inadequate preparation; and (4) that the staph aureus infection was a result of

this failure. This expert testimony, coupled with Vogt's testimony that Katz did not use anything at all to cleanse the area where he gave injections, made a submissible case. "While the rule has been stated with slight variations from time to time, it may properly be said that a physician is required to use and exercise that degree of care and skill used and exercised by the ordinarily skillful, careful, and prudent physician acting under the same or similar circumstances." *Williams v. Chamberlain,* 316 S.W.2d 505 (Mo.Div.2 1958). M.A.I. 11.06 [1978 revision] defines negligence of a physician as "the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of defendant's profession."

We find that the evidence establishes that Vogt made a submissible case. Therefore, we find that the trial court did not abuse its discretion in granting the new trial on the ground the verdict was against the weight of the evidence, and we affirm the trial court's decision.

SIMON, P.J., and CRANDALL, J., concur.