878 S.W.2d 55 (1994)
C.M., f/k/a M., Respondent,
v.
K.M., Appellant.
No. 63405.
Missouri Court of Appeals, Eastern District, Division Three.
May 17, 1994.
Motion for Rehearing and/or Transfer Denied June 15, 1994.
*56 Judith Wilma Freiberg, John R. Bird, John Bleckman, Susan Guerra, St. Louis, for appellant.
James M. Martin, St. Louis, for respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1994.
SIMON, Presiding Judge.
K.M., appellant, appeals the order of the Circuit Court of the City of St. Louis Juvenile Division granting C.M.'s, respondent, motion for new trial. Respondent moves for dismissal of this appeal, and the juvenile officer of the juvenile court has filed a brief in support of respondent.
In his four points on appeal, appellant essentially claims that the juvenile court, Judge Baker presiding, erred in: (1) granting respondent's motion for new trial and transferring the case to the Circuit Court of the City of St. Louis Division 15 (trial court) because the juvenile court failed to specify the reasons for its grant as required by Rule 78.03; (2) granting respondent's nunc pro tunc motion which amended the order granting respondent's motion for new trial to indicate that legal and physical custody over the minor children, Matthew and Scott, be transferred from him to the Division of Family Services; (3) ordering that appellant have supervised visits with his minor children, be prohibited from communicating with the children, and granting the juvenile officer's motion to intervene; and (4) disqualifying appellant's attorneys from representing him in this action. In her motion to dismiss, respondent claims that the trial court's order granting her motion for new trial is not a final appealable order. We reverse and remand.
On January 8, 1993, Judge Baker issued the following order:
Petitioner's Motion for New Trial is hereby granted. Matter remanded to Div. 15 for hearing.
On January 18, 1993, appellant timely filed his notice of appeal from the juvenile court's January 8, 1993 "[o]rder granting Motion for new trial."
In her motion to dismiss the appeal, respondent contends that the juvenile court's order granting her motion for new trial is not final and appealable because the underlying judgment to which it was directed is not final.
Under Section 512.020 R.S.Mo.1986, any order granting a new trial is appealable even though the judgment to which the motion is directed is not final. See Robinson v. May Dept. Stores Co., 723 S.W.2d 603, 605[5] (Mo.App.1987); Travagliante v. J.W. Wood Realty Co., 425 S.W.2d 208, 210-11[1] (Mo. App.1968). Therefore, respondent's motion to dismiss the appeal is denied.
The juvenile court failed to specify the ground or grounds on which it granted respondent's motion for new trial. In his first point, appellant contends that Judge Baker's order of January 8, 1993 granting a new trial is presumptively erroneous because it fails to specify the grounds for the grant of the new trial. We agree. Every order granting a new trial shall specify of record the ground or grounds on which the trial court granted the new trial. Rule 78.03. When the trial court fails to specify the ground or grounds for ordering a new trial, we may not presume that the new trial was granted on discretionary grounds. Rule 84.05(c). Instead, the trial court's granting of the new trial motion is presumed to be erroneous and the burden of supporting the trial court's action is placed on the respondent. Havrilla v. Millers Mutual Insurance Association of Illinois, 724 S.W.2d 592, 593[1] (Mo.App.1986). Respondent meets that burden if she demonstrates that the motion for new trial should have been sustained on some ground alleged therein. State ex. rel. State Highway Commission v. Gravois Farmers Club, 483 S.W.2d 786, 788[1] (Mo.App.1972). In meeting this burden, the respondent is confined to the errors specified in her motion for new trial and her brief. Havrilla, 724 S.W.2d at 593[2].
Respondent asserts that Rules 78.03 and 84.05(b) do not apply here because they pertain to court decisions which are final and appealable. However, as we already discussed, the granting of a new trial is an appealable order even though the judgment to which the motion is directed is not a final *57 judgment. See Robinson, 723 S.W.2d at 605[5]; Travagliante, 425 S.W.2d at 210-11[1].
The record indicates that appellant did not serve upon respondent a statement requesting that she prepare the original brief in accordance with Rule 84.05(b), but proceeded to file his brief first as appellant in the usual manner. Nonetheless, we may examine respondent's motion for new trial for grounds supporting its grant by the juvenile court. See Blythe v. Blythe, 586 S.W.2d 393, 394[3] (Mo.App.1979).
The facts are these: Appellant and respondent were married and two children were born of their marriage, Matthew, born June 3, 1982, and Scott, born September 3, 1983. On October 17, 1986, the Circuit Court of Madison County, Illinois dissolved the marriage, and awarded legal and physical custody of the minor children to respondent. Respondent later married F.M.
On July 27, 1987, appellant filed a motion for temporary custody in the trial court alleging sexual abuse of Matthew by respondent's husband. On the same day, the trial court, Judge Baker presiding, ordered that custody of the children be vested in appellant pending evaluation by Cardinal Glennon SAM clinic. On July 28, 1987, Judge Baker issued an order stating temporary custody previously granted to appellant is hereby made a "full change" of custody in favor of appellant and shall be vested in him during the pendency of the hearing, and that he shall have the sole care, custody, and control of the minor children. On September 24, 1987, Judge Baker issued an order stating based upon information received by the Court from the Division of Family Services, temporary custody granted to appellant is terminated and care, custody and control of the minor children is vested in J.P. and C.P., a maternal aunt.
On December 30, 1987, appellant filed a motion to modify Judge Baker's September 24, 1987 order awarding temporary custody to J.P. and C.P., requesting that legal and physical custody be transferred to him and that respondent pay child support.
On January 29, 1988, J.P. and C.P. moved to terminate their temporary custody of the minor children.
On February 8, 1988, Judge Chancellor, then in Division 15, following a hearing, ordered that the minor children be removed from J.P. and C.P.'s custody, and physical custody be transferred to the Division of Family Services for placement under foster care pending a further order.
The record indicates that hearings were conducted on June 21, 22, 24, and 28, 1988, and that on June 29, 1988, Judge Chancellor ordered that "legal custody" would remain with the Division of Family Services, stating that returning Matthew and Scott to either parent would cause irreparable harm to both minor children.
On February 15, 1989, Judge Chancellor conducted an evidentiary hearing concerning the allegations of sexual abuse of Matthew by respondent's husband. At the request of "counsel," the testimony at that hearing was not transcribed. After hearing the testimony, Judge Chancellor said that he found, as a matter of fact, based upon the evidence that day and the evidence from previous hearings that the children were molested by respondent's husband, F.M., and stated that F.M. was not to be in the presence of the minor children at any time.
On February 28, 1989, Judge Chancellor issued an order granting appellant's motion to modify, awarding respondent visitation scheduled by and supervised by Ann Frawley or someone approved by the court, removing legal custody from the Division of Family Services and placing it in appellant, and stating that respondent's obligation for child support shall not take effect for sixty days and shall be determined at that time.
On May 3, 1989, Judge Chancellor conducted an evidentiary hearing concerning an alleged incident in April, 1989 when appellant and the two children encountered respondent's husband and respondent while fishing at a lake. Dr. Hively, a psychologist, testified on direct examination by appellant that during their encounter with respondent and her husband, respondent's husband threatened to harm appellant and the children. *58 After Dr. Hively finished testifying, Judge Chancellor stated that this is no longer a situation for Domestic Relations, and that he was going to certify the case to the juvenile court for determination of parental rights. Judge Chancellor also stated that until further order of the trial court or another court, under no circumstances was respondent or anybody from her family to be within sight of the children and respondent was not to contact them by phone. On the same day, Judge Chancellor issued his order stating that respondent shall not be in the presence of nor shall she contact in any way the minor children until further order of the trial court or another court, and that this cause is certified and transferred to the juvenile court.
On September 7, 1990, the juvenile court held a pretrial conference, at which the court ruled that it would contact Judge Chancellor to determine whether he or the juvenile court would hear any remaining testimony regarding the original motion to modify and whether any new evidence on the amended motion to modify would be heard. On September 10, 1990, Judge Chancellor entered an order stating:
.... This court is w/o jurisdiction to enter any further orders. The court's order of May 3, 1989 is a final order unless amended or otherwise altered by the Juvenile Court to which this case has been transferred.
On the same day, the juvenile court entered an order stating that pursuant to Judge Chancellor's order, the juvenile court would continue to maintain jurisdiction over any new matters arising after the case was certified.
On August 17, 1992, respondent filed a motion for contempt in the juvenile court claiming that appellant and/or his attorneys defied Judge Baker's orders by not presenting the children to the diagnostic and treatment unit for interviews and supervised visits with respondent, and because appellant's attorney attempted to interview the minor children at the time when a visitation was scheduled.
On September 25, 1992, appellant withdrew his prayer for child support contained in his motion to modify.
On October 13, 1992, respondent filed a motion for new trial or to amend judgment asserting that the February 28, 1989 order, and any supporting findings, which conveyed custody to appellant were the product of misconduct on the part of appellant in that: he engaged in a course of conduct of coaching the minor children in regard to their testimony and their statements to expert witnesses; he failed to disclose to his own expert that immediately after the children had begun to talk about the alleged abuse that appellant's wife went to the deputy juvenile officer warning about the safety of the children. Respondent alleged that since the ruling of February 1989, new evidence has come to light: (a) on or about October 12, 1989, appellant's wife indicated that Matthew had a red and sore anus in September of 1989, symptoms which had formed the basis for an opinion that the children were sexually abused, and these symptoms existed more than six months after any contact with respondent and/or respondent's husband; (b) the minor children have continued to show signs of ongoing sexual abuse although neither respondent nor respondent's husband have had any contact with the children in which such conduct could have occurred for three years; and (c) appellant's wife indicated specific instances where the children disagreed with appellant about the specific allegations of abuse against respondent and respondent's husband and were yelled at repeatedly by appellant to agree with his contentions. Respondent alleged that the court's ruling was contrary to the evidence as a whole and gave undue weight to and/or was the product of evidence which should not have been admitted in that the court unduly considered other sexual behavior between F.M. and respondent which was not probative as to whether F.M. had sexually abused the minor children. Respondent alleged that the evidence as a whole weighs more towards the likelihood that appellant was the perpetrator of the sexual abuse of the children in that: (a) indications of abuse only surfaced immediately after appellant began exercising temporary custody; (b) although the children have begun to describe sexual abuse and have, according to appellant, immediately *59 opened up to appellant whom they have not seen since they were infants, their conduct shows fear of appellant and not of respondent's husband and respondent; (c) Dr. Hively subsequently admitted that he never considered the possibility of his employer, appellant, having coached the children; (d) specific information has subsequently come to light that appellant specifically coached the children and procured false testimony and statements; (e) there continues to exist specific evidence that shows a likelihood of continuing sexual abuse although neither respondent's husband nor respondent has had any opportunity or access; and (f) appellant has engaged in exaggerated and ongoing conduct to isolate the children from respondent, from their guardian, from court personnel and from any health care professional not in his employ. Respondent incorporated by reference her motion for contempt and attached to her motion for new trial as Exhibit A copies of what she alleges are notes of a conversation with appellant's wife by respondent's attorney in October of 1989. Exhibit A consists of six handwritten pages. The first page of Exhibit A has the heading "[appellant's wife]," and the first page is dated on the upper right corner "10-12-89." The second page also has the heading "[appellant's wife]" but the date at the upper right corner reads "10-12-8 [sic]." The last four pages have neither a heading nor a date. Exhibit A states that appellant was "being abusive," "drinking a lot," "putting words in [Matthew's] mouth" concerning respondent's husband molesting Matthew, "yelling" at the children, and that "[appellant] would not take them" to school and "[appellant] may have done" the sexual molestation.
On January 12, 1993, Judge Gallagher became the presiding judge of the Juvenile Court, and on the same day, he issued an order stating that pursuant to Judge Baker's January 8, 1993 order granting respondent's motion for new trial and remanding the case to Division 15, the juvenile court had no further jurisdiction.
On January 25, 1993, respondent filed a motion nunc pro tunc in the juvenile court, requesting that the court amend its order granting her motion for new trial to indicate that the Division of Family Services would resume legal and physical custody as it had before the February 15, 1989 order. On the same day, Judge Baker, now in Division 15, granted this motion.
Examining her motion for new trial and her brief, the thrust of her motion for new trial is directed to the weight of the evidence, which is a discretionary ground under Rule 78.02. See Blythe, 586 S.W.2d at 394[2]. Specifically, respondent alleged that the February 28, 1989 order, and any supporting findings, which conveyed custody to appellant were the product of misconduct on the part of appellant, that the order was contrary to the evidence as a whole and gave undue weight to and/or was the product of evidence which should not have been admitted, and that the evidence as a whole weighs more towards the likelihood that appellant was the perpetrator of the sexual abuse of the children. Under Rule 84.05(c), we may not presume that the new trial was granted on discretionary grounds. See id.
Further inspection indicates that respondent moved for a new trial on the basis of newly discovered evidence. In support of this allegation, respondent incorporated by reference her motion for contempt and attached to her motion for new trial as Exhibit A copies of what she alleges are notes of a conversation with appellant's wife by respondent's attorney in October of 1989. The notes of the conversation with appellant's wife by respondent's attorney are hearsay because they are being offered for the truth as to what appellant's wife said. See AlSadi v. AlSadi, 823 S.W.2d 123, 127[5] (Mo.App.1992); McCormick on Evidence, § 246 (4th ed. 1992). Further, we note that one of the prerequisites for a new trial upon newly discovered evidence is that the party moving for new trial should produce the witness's affidavit, or account for its absence. AlSadi, 823 S.W.2d at 127[5]. Respondent's motion for new trial was not accompanied by an affidavit of appellant's wife, and respondent does not account for its absence, thus, she has not met the prerequisites for a new trial based upon newly discovered evidence. See id.
*60 Moreover, the record contains no affidavits, depositions, or exhibits supporting any of her allegations in her motion for new trial or her motion for contempt which she incorporated into her motion for new trial by reference. The record also does not contain a transcript of a hearing concerning respondent's motion for new trial. There is nothing in the record to support respondent's allegations set forth in her new trial motion or the motion for contempt incorporated therein, thus we find that respondent failed to rebut the presumption that the grant of the new trial was erroneous.
Since we hold that the granting of the motion for new trial was erroneous, the subsequent nunc pro tunc order is of no consequence, and further, Judge Gallagher's order remanding the matter to Division 15 is hereby set aside. We remand to the juvenile court for further proceedings.
Reversed and remanded.
PUDLOWSKI and KAROHL, JJ., concur.