

# In the Missouri Court of Appeals

# Eastern District

## DIVISION III

ERICKA WINCHESTER, et al.      )      No. ED100968

           Respondents,      )      Appeal from the Circuit Court
                                                 )      of the City of St. Louis

vs.      )

                                                     )      Honorable Rex M. Burlison

ALLISON SUNSHINE,      )

           Appellant.      )      FILED: October 21, 2014

## Introduction

Appellant Allison Sunshine ("Sunshine") appeals from the judgment of the trial court granting Respondent Ericka Winchester's ("Winchester") motion for a new trial on the issue of damages only. Winchester brought suit against Sunshine, Respondent George Johnson ("Johnson"), and Respondent Paul Achenbach ("Achenbach") for damages resulting from a car accident. A jury returned verdicts in favor of Johnson and Achenbach, finding each zero percent at fault for Winchester's damages. The jury also returned a verdict against Sunshine, finding Sunshine 100 percent at fault for Winchester's damages but assessing Winchester's damages at zero dollars.

The trial court granted Winchester's motion for a new trial on the issue of damages only, and only as to Sunshine, on the ground that the verdict was against the weight of the evidence.

The trial court denied Winchester's motion for a new trial on the issue of liability. Sunshine appeals both judgments. Because the trial court did not abuse its discretion in granting Winchester's motion for a new trial on the issue of damages, and because Sunshine failed to preserve the issue of the trial court's denial of Winchester's motion for a new trial on the issue of liability for appellate review, the judgment of the trial court is affirmed.[1]

Factual and Procedural History

On December 15, 2010, Sunshine was driving her car in the City of St. Louis with Winchester in the passenger seat. Sunshine stopped at a stop sign at the intersection of Leona and Burgen. Sunshine's view of oncoming traffic was blocked by Achenbach's pickup truck, which was parked on the corner of the intersection. Sunshine made a left turn through the intersection and collided with Johnson's vehicle. Winchester's right arm struck the passenger-side door during the collision. She underwent treatment, including surgery, at Barnes-Jewish Hospital for a right humerus fracture and right ring finger fracture. Winchester was left with a permanent scar on her right arm and a bent ring finger. Winchester testified at trial that she experienced pain and discomfort in her arm, and that she continues to experience pain and discomfort.

Winchester brought suit for her personal injuries against Sunshine, Johnson, and Achenbach. The case was tried before a jury from October 7, 2013 to October 11, 2013. Winchester withdrew her medical bills from consideration in the case, and the jury was prevented from hearing the amount of her medical bills. The jury found in favor of Johnson and Achenbach, finding each to be zero percent at fault for Winchester's damages. The jury found

---

[1] In her brief, Respondent Winchester contends that Appellant Sunshine has filed a frivolous appeal against her and requests this Court to award her damages against Appellant Sunshine. We decline this request.

2

Sunshine to be 100 percent at fault for Winchester's damages, but assessed Winchester's damages at zero dollars.

Winchester filed a motion for a new trial as to all issues and all parties. Johnson filed a response to Winchester's motion for a new trial, Achenbach filed a brief in opposition, and Sunshine filed a motion in opposition. The trial court granted Winchester's motion for a new trial on the issue of damages only, and only as to Sunshine, on the ground that the verdict was against the weight of the evidence. The trial court denied Winchester's motion for a new trial on the issue of liability. This appeal follows.

Points on Appeal

Sunshine presents three points on appeal. In her first point on appeal, Sunshine argues that the trial court erred in granting Winchester's motion for a new trial on the issue of damages because the trial court abused its discretion by substituting its judgment for that of the jury with respect to the weight and credibility of the evidence. In her second point on appeal, Sunshine argues that the trial court erred in granting Winchester's motion for a new trial on the issue of damages because the trial court abused its discretion in finding the award to be against the weight of the evidence where there was not substantial evidence to support a verdict for Winchester other than for zero dollars. In her third point on appeal, Sunshine argues that the trial court erred in denying Winchester's motion for a new trial on the issue of liability because the trial court abused its discretion in finding that the verdict was not against the weight of the evidence in that evidence existed that Achenbach and Johnson shared in the liability with Sunshine.

<u>Standard of Review</u>

A trial court "has broad discretion to grant a new trial on the ground that the verdict is against the weight of the evidence, and its discretion must be affirmed by an appellate court absent manifest abuse of that discretion." <u>Badahman v. Catering St. Louis</u>, 395 S.W.3d 29, 39 (Mo. banc 2013). An abuse of discretion occurs when the trial court makes a ruling that "is so clearly against the logic of the circumstances that it shocks the sense of justice." <u>Brown v. Poetz</u>, 201 S.W.3d 76, 78 (Mo. App. E.D. 2006). In reviewing an order granting a motion for a new trial, we "must view the evidence and all reasonable inferences therefrom in the light most favorable to the [trial court's] order." <u>Badahman</u>, 395 S.W.3d at 39. We may not, however, weigh the evidence, as that is "solely the function of the trial court in considering a motion for new trial where the ground asserted is that the verdict is against the weight of the evidence." <u>Vogt v. Katz</u>, 745 S.W.2d 221, 222 (Mo. App. E.D. 1987).

<u>Discussion</u>

Before considering Sunshine's points on appeal, we first address Respondent Johnson's argument that this Court lacks authority to consider the appeal. Johnson argues that because the trial court granted a new trial as to one defendant only, Sunshine, and as to one issue only, damages, the trial court's judgment is not a final judgment and is therefore not an appealable judgment. We disagree.

Johnson correctly notes that the trial court's grant of Winchester's motion for a new trial is not a "final judgment" within the meaning of that term as used in Section 512.020,[2] because the judgment does not dispose of all of the parties and all of the issues and leaves matters for future determination. However, this fact does not preclude a party from appealing the grant of a motion for new trial pursuant to Section 512.020. As the Missouri Supreme Court explained in

---

[2] All statutory references are to RSMo 2000.

Travagliante v. J. W. Wood Realty Co., where, as here, a party is exercising its right to appeal under the clause of Section 512.020 which authorizes an appeal "from any order granting a new trial," the "general rule that in order for a judgment to be final and appealable it must dispose of all parties and issues in the case and leave nothing for future determination is not applicable." Section 512.020; Travagliante v. J. W. Wood Realty Co., 425 S.W.2d 208, 211 (Mo. 1968). Instead, the portion of Section 512.020 authorizing an appeal from any order granting a new trial governs. For this reason, the court in Travagliante concluded that "Wood Realty had a right to appeal the order granting plaintiffs a new trial notwithstanding there were other counts remaining undisposed of involving it and another defendant." Id. The rule articulated in Travagliante has been affirmed by subsequent courts addressing the issue, including this court in C.M. v. K.M., in which we stated, "[u]nder Section 512.020, any order granting a new trial is appealable even though the judgment to which the motion is directed is not final." C.M. v. K.M., 878 S.W.2d 55, 56 (Mo. App. E.D. 1994). Accordingly, the trial court's grant of Winchester's motion for a new trial is an appealable judgment under Section 512.020.

**I. The trial court did not abuse its discretion in finding that the verdict was against the weight of the evidence and granting Winchester's motion for a new trial on the issue of damages only.**

Sunshine advances two arguments as to why the trial court erred in granting Winchester's motion for a new trial on the issue of damages. In Point One, Sunshine argues that in finding that the award of zero dollars in damages was against the weight of the evidence, the trial court abused its discretion by substituting its judgment for that of the jury with respect to the weight and credibility of the evidence. Sunshine asserts that the trial court substituted its subjective opinion of the value of Winchester's damages for that of the jury. In Point Two, Sunshine argues that in finding that the award of zero dollars in damages was against the weight of the

5

evidence, the trial court abused its discretion because there was no substantial evidence to support any award other than an award of zero dollars. Sunshine maintains that because Winchester has no lasting injuries from the accident other than a scar on her arm and a bent finger, no substantial evidence exists to support an award greater than zero dollars. Because Points One and Two present substantially the same argument, we consider these points together.

Viewing the evidence in the light most favorable to trial court's order, we cannot conclude that the trial court abused its discretion in finding the award of zero dollars in damages to be against the weight of the evidence. The trial court concluded that a jury verdict which found in favor of Winchester and against Sunshine as to liability (assigning 100 percent of fault to Sunshine) but which awarded Winchester zero dollars in damages was against the weight of the evidence. The undisputed evidence at trial and the liability verdict confirm that Winchester was injured as a direct result of the accident caused by Sunshine's negligence and suffered lasting injuries including a scar on her arm, a bent finger, and pain and discomfort. The jury, having found the issue of liability in favor of the plaintiff, "may not give any verdict it pleases," but rather is "bound to award damages commensurate with the nature and extent of the injuries." Davidson v. Schneider, 349 S.W.2d 908, 913 (Mo. 1961). The jury award of zero dollars in damages in light of Winchester's injuries was egregiously inconsistent with the evidence at trial and the liability verdict. We hold that the trial court did not abuse its discretion in granting Winchester's motion for a new trial as to damages, but acted within its sound discretion in ordering a new trial on the issue of damages only. Points One and Two are denied.

## II. Sunshine did not preserve the issue of the trial court's denial of Winchester's motion for a new trial as to liability for appellate review.

In Point Three, Sunshine argues that the trial court erred in denying Winchester's motion for a new trial on the issue of liability because evidence existed that Achenbach and Johnson

shared in the liability with Sunshine. Sunshine also argues that she was prejudiced by the trial court's decision to grant a new trial on the issue of damages only, and asserts that any new trial must deal with all issues, damages and liability, and all four parties.[3]

Sunshine has failed to properly preserve the trial court's denial of Winchester's motion for a new trial as to liability for our review. It is well-settled that the denial of a motion for a new trial is not an appealable judgment. Cady v. Kansas City S. Ry. Co., 512 S.W.2d 882, 884 (Mo. App. W.D. 1974). An appeal may instead only be taken from the underlying judgment, Id., which requires filing a motion for a new trial from the underlying judgment pursuant to Rule 78.07. Sunshine did not file a motion for a new trial from the underlying judgment of the trial court. Instead, Sunshine filed only a motion in opposition to Winchester's motion for a new trial. Thus, Sunshine failed to properly preserve the issue for appellate review. Point Three is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

.

---

[3] We do not reach this argument, but note that where a trial court has granted a motion for a new trial as to some issues but not others, the trial court is deemed to have determined that injustice to the defendant will not thereby result. Wessels v. Smith, 341 S.W.2d 104, 106 (Mo. 1960). We may therefore not hold that a trial court has abused its discretion by granting a new trial on the issue of damages only unless it appears from the record that the damages issue may not be tried alone without injustice to the defendant. Badahman, 395 S.W.3d at 40-41. Here, there is nothing in the record to indicate that trying the damages issue alone will result in any injustice to Sunshine. The jury's verdict, which was supported by substantial evidence, found Sunshine to be 100 percent at fault, with no liability for either Johnson or Achenbach.