Mary AMERSON, as next friend
of M.H., Appellant,

v.

STATE OF IOWA, IOWA DEPARTMENT
OF HUMAN SERVICES by Charles
PALMER, Director, Appellee.

No. 93–3486.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1995.

Decided July 5, 1995.

Thomas John O'Flaherty, Cedar Rapids, IA, argued, for appellant.

Charles Keith Phillips, Des Moines, IA, argued (Gordon E. Allen, on the brief), for appellee.

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

Mary Amerson, acting as next friend for her son, M.H., appeals the district court's [1] dismissal for lack of jurisdiction of her 28 U.S.C. § 2254 petition for a writ of habeas corpus. After careful consideration of the jurisdictional issue presented by this case, we affirm.

**I.**

M.H. has been the subject of a dispute between Amerson and the Des Moines Public

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

School District since the 1989–90 school year over whether M.H. should be classified as a disabled student and whether the school district followed the proper procedures for doing so. On April 8, 1993, the juvenile court for Polk County, Iowa, adjudicated M.H. to be a Child in Need of Assistance (CINA) within the meaning of Iowa Code § 232.2(6)(c)(2) (1991). The court ordered that M.H. remain in the custody of his mother until he could be placed at a facility for clinical evaluation. On May 19, 1993, the juvenile court affirmed its CINA adjudication and ordered Amerson to place M.H. at a facility for psychiatric evaluation, warning her that her failure to do so would result in the immediate placement of M.H. in the custody of the Iowa Department of Human Services (DHS). By August 13, 1993, Amerson had not complied with the court's orders, and the juvenile court ordered DHS to take custody of M.H. and place him in foster care.

After M.H. was removed from her custody, Amerson petitioned the Iowa Supreme Court for an emergency stay and writ of habeas corpus, both of which were denied. After a September 17, 1993, juvenile court hearing, at which Amerson and M.H. each were represented by counsel, the juvenile court ordered M.H. to remain in the custody of DHS. Amerson appealed the CINA adjudication through the Iowa courts, but the decision was affirmed.[2]

■ Amerson filed this section 2254 habeas action as M.H.'s next friend[3] on September 13, 1993, challenging M.H.'s removal from her custody and his placement by DHS in "secured facilities." As relief, she sought his immediate release to her custody. The district court held a hearing on September 27, 1993, to determine whether it had subject matter jurisdiction over Amerson's petition. Citing *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 102 S.Ct.

3231, 73 L.Ed.2d 928 (1982), the district court concluded that it lacked jurisdiction to address M.H.'s custody because habeas cannot be used to collaterally review state court decisions relating to child custody and the welfare of children. The court dismissed the petition without prejudice. Amerson timely appealed. After examining Amerson's pro se filings, we appointed counsel and ordered supplemental briefing and oral argument.

## II.

■ We review de novo the district court's determination of its subject-matter jurisdiction in a section 2254 habeas proceeding. Jurisdiction over a habeas petition brought by a next friend exists only if the litigation actually involves the concerns of the real party in interest and not simply the grievances of the next friend. *See* 28 U.S.C. §§ 2242, 2254(a); *Whitmore v. Arkansas,* 495 U.S. at 163–64, 110 S.Ct. at 1727–28. Particularly when a habeas petition is brought by a parent seeking the release of a child from state custody, the action may really involve an assertion of the parent's rights, not the liberty interests of the child. *See Lehman,* 458 U.S. at 511, 102 S.Ct. at 3237 ("Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights."); *Lehman v. Lycoming County Children's Services Agency,* 648 F.2d 135, 140 (3d Cir.1981) (en banc) ("[U]nlawful custody is simply not the issue in a parental rights termination case. It is not the liberty interest of the children that is sought to be protected in such a case, but only the right of the particular parent to raise them."), *aff'd,* 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982); *Sylvander v. New England Home for Little Wanderers,* 584 F.2d 1103, 1111 (1st Cir.1978) ("The 'rights' Ms. Sylvander now

2. Based on the record and our questioning of counsel at oral argument, we conclude that Amerson has exhausted available state remedies. *See* 28 U.S.C. § 2254(c).

3. We conclude that Amerson was, and still is, a proper next friend to bring this petition on behalf of M.H., notwithstanding termination of her parental rights in 1995. *See* 28 U.S.C. § 2242 (habeas petition may be signed and verified by

someone acting on behalf of petitioner); *Whitmore v. Arkansas,* 495 U.S. 149, 163–64, 110 S.Ct. 1717, 1727–28, 109 L.Ed.2d 135 (1990) (next friend has burden to establish why real party in interest cannot prosecute habeas petition, that "next friend" is "truly dedicated" to best interests of person on whose behalf she litigates, and that she has some significant relationship with real party in interest).

asserts on Michael's behalf are chiefly her own—her rights as a mother not to be deprived of her child. Only speculatively are they the rights of the person in 'custody'.").

■ The allegations in Amerson's habeas petition and other filings—purportedly on behalf of M.H.—primarily concern her loss of custody of M.H., her disputes with the public school district, and her disputes with the state over whether she or DHS should have custody of M.H. She seeks an order releasing M.H. from the state and granting custody to her and an order protecting her from future prosecution by the state. Thus, we conclude Amerson's action is merely an assertion of her right to custody of M.H., which cannot form the basis for habeas jurisdiction. *See Lehman*, 458 U.S. at 515–16, 102 S.Ct. at 3239–40.

■ If we construe Amerson's filings as asserting M.H.'s rights, we must determine whether M.H. is "in custody" within the meaning of section 2254. This determination requires consideration of a question left unanswered by the Supreme Court. *See Lehman*, 458 U.S. at 511 n. 12, 102 S.Ct. at 3237 n. 12. In *Lehman*, a mother sought to use a section 2254 proceeding to challenge the termination of her parental rights. The Court explained that habeas is not a "generally available remedy for every violation of federal rights," but has been limited in the past to challenges to state-court judgments that place "substantial restraints" on a petitioner's liberty following criminal convictions. *Id.* at 508–10, 102 S.Ct. at 3235–37. Reasoning that all children suffer some restraint on their liberty, the Court concluded that state-ordered foster custody is not "custody" for habeas purposes, so that Ms. Lehman's habeas proceeding really sought to relitigate her parental rights, not protect her sons' liberty interests. *Id.* at 510–11, 102 S.Ct. at 3236–37. The Court noted the states' great interest in child custody determinations and the lack of a directly countervailing federal interest, observing that any relevant federal issues could be adequately raised through appeals, certiorari, and use of the civil rights statutes. *Id.* at 515, 102 S.Ct. at 3239 (quoting *Sylvander*, 584 F.2d at 1111).

In footnote 12, however, the Court noted that it "express[ed] no view as to the availability of federal habeas when a child is actually confined in a state institution rather than being at liberty in the custody of a foster parent pursuant to a court order." *Id.* at 511 n. 12, 102 S.Ct. at 3237 n. 12. Likewise, the lower court in *Lehman* also noted that habeas might be available if a child was "incarcerated" in a state home, or otherwise "imprisoned under the aegis of the state." *Lehman*, 648 F.2d at 144 (quoting *Sylvander*, 584 F.2d at 1113).

Since M.H. was removed from his mother's custody, DHS has housed him in a variety of facilities but has never placed him in a private foster home. Placement of M.H. has been difficult due to his behavioral and psychological problems. M.H. has been in the Polk County Youth Shelter, an unsecured residential group home; the Broadlawns Medical Center for psychiatric evaluation; Youth Homes of Mid–America in Johnston, Iowa, an unsecured residential group home; the Youth Emergency Shelter in Des Moines, an unsecured facility; and Meyer Hall Detention Facility in Des Moines, a secured facility. During M.H.'s stay at these various facilities, he has received medical and counseling treatment and educational services. His contact with his mother and other family members has been limited.

Based on these facts, we hold that no habeas jurisdiction exists. Although M.H. has been housed in state institutions, we do not believe that he is "in custody" within the meaning of the habeas statute. Jurisdiction should not turn on DHS's determination that M.H. would be better able to receive the type of educational and psychological services he needed in the structured settings of institutions, rather than in a private foster home. The state's physical custody of M.H.—pursuant to a child custody order resulting from a CINA determination—has not restrained his liberty to a significantly greater extent than a parent's or foster parent's custody. The state has neither incarcerated M.H. nor imposed penal restrictions upon him. Such custody does not present the type of confinement for which habeas jurisdiction tradition-

ally exists, *i.e.*, incarceration as a result of a criminal conviction or other court order.

We also note that many of the prudential considerations discussed by the Supreme Court in *Lehman* are present in this case. *See Lehman,* 458 U.S. at 512–15, 102 S.Ct. at 3237–39. Iowa has a great interest in the finality of its determinations related to the type of care and custody that is appropriate for M.H., and direct appellate review of the CINA and custody process provides M.H. an adequate means for asserting his basic federal rights. *See* Iowa Code § 232.133 (1995) (providing for appellate review of decisions of juvenile courts); *see also Lehman,* 458 U.S. at 511 n. 14, 515, 102 S.Ct. at 3237 n. 14, 3239.

Finally, we note that at oral argument it was asserted that M.H. has recently been adjudicated a juvenile delinquent based on certain of his actions while in DHS custody and is currently housed at McCrossen Boys Ranch near Sioux Falls, South Dakota. We express no view as to the availability of habeas to challenge this specific adjudication of delinquency and his resulting confinement. *See D.S.A. v. Circuit Court Branch 1,* 942 F.2d 1143 (7th Cir.1991), *cert. denied,* 502 U.S. 1104, 112 S.Ct. 1196, 117 L.Ed.2d 436 (1992).

### III.

The district court correctly determined that it lacked jurisdiction over the habeas petition filed by Amerson. Accordingly, the judgment is affirmed.[4]

---

4. Appellees' motion to dismiss the appeal is denied.