# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-1409EM

———————

United States of America     *
ex rel. Keith Mueller,[*]     *
for and on behalf of,     *
and as parent and natural     *
Guardian of, Matthew A.     *
Mueller and Scott D.     *
Mueller,     * On Appeal from the United
    * States District Court
         Appellant,     * for the Eastern District
    * of Missouri.
     v.     *
    *
    *
Missouri Division of     *
Family Services,     *
    *
         Appellee.     *

———————

Submitted: April 17, 1997

Filed: June 11, 1997

———————

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and FAGG, Circuit
Judges.

———————

RICHARD S. ARNOLD, Chief Judge.

---

[*]We have reproduced the caption here exactly as it appears in the petition which initiated this proceeding in the District Court. In fact, the United States has nothing to do with this case. This is a privately initiated action, and we are aware of no authority that permits the petitioner, Keith Mueller, to describe himself as a "relator" or to designate the United States as a party.

This is a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petitioner, Keith Mueller, alleges that his two sons, Matthew A. Mueller and Scott D. Mueller, are in the custody of an agency of the State of Missouri, the Missouri Division of Family Services (DFS), and that their custody is contrary to the Constitution of the United States. The District Court[1] dismissed the case for want of jurisdiction. The appellee, an agency of the State of Missouri, has made no submission in this Court. We affirm.

I.

This case comes to us with a complicated procedural history in the state courts. We base our recitation of that history on the pleadings in the District Court and on the opinion in a related state-court case, C.M. v. K.M., 878 S.W.2d 55 (Mo. App. 1994). In 1987, Keith Mueller sought sole custody of his children, alleging that his former wife's new husband had sexually abused them. The trial court awarded temporary custody to Mueller, but later modified the order to vest custody in DFS. After a hearing in February 1989, Judge Chancellor, sitting at the time in Division 15 of the Circuit Court for the City of St. Louis, awarded custody of the children to Mueller, finding as a fact that Mueller's former wife's new husband had sexually abused the children. In May, Judge Chancellor heard additional evidence that showed continued abuse, amended his visitation order to restrict further the time the children could spend with their mother, and transferred the case to the Juvenile Court. The Juvenile Court then entered an order

---

[1]The Hon. Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

explaining that it would retain jurisdiction over any new matters arising in relation to the case.

In 1992, Mueller's former wife filed a motion in the Juvenile Court for a new custody trial or for an amendment of the judgment. Her motion alleged that the 1989 order was based on evidence that was misleading, because Mueller allegedly had coached the children before they testified and had failed to disclose pertinent evidence to his expert witness. She also alleged that new evidence existed of abuse that occurred six months after the last contact between the children and her new husband, of continuing abuse despite the children's separation from her husband, and of disagreements between the children and Mueller regarding the alleged abuse, resolved by his yelling at the children. In total, she asserted, the evidence supported an award of custody of the children to her.

On January 8, 1993, Judge Baker, siting in the Juvenile Court, granted the motion and remanded the case to Division 15 for a new trial. On January 12, Judge Gallagher became the presiding judge of the Juvenile Court, and issued an order confirming Judge Baker's remand order and noting that the Juvenile Court no longer had jurisdiction over the matter. On January 18, Mueller appealed the new-trial order. On January 25, the children's mother filed a motion "nunc pro tunc" in the Juvenile Court that asked the Court to have DFS assume legal and physical custody of the children. Judge Baker granted this motion. On the basis of this order, a DFS employee sought and obtained from Judge Gallagher, on March 30, an order that the police take custody of the children and deliver them to DFS. On April 8, the police found Mueller's children in St. Louis County and took them to DFS in the City of St. Louis.

On May 17, 1994, the Missouri Court of Appeals reversed the grant of a new trial, holding that the mother had failed to comply

with the evidentiary requisites, such as affidavits, necessary to support her motion.  See C.M. v. K.M., supra, 878 S.W.2d at 59.  The court therefore vacated both the remand order and the nunc pro tunc custody order.  Id. at 60.

The next day, however, a DFS employee petitioned the Juvenile Court to vest custody of the children in DFS, alleging that Mueller had emotionally abused the children.  The Court granted the petition and awarded temporary custody to DFS.  The Court denied Mueller's subsequent motion to dismiss, which asserted that the Court lacked jurisdiction, and his alternative motion to transfer the case to the Juvenile Court for the county in which Mueller then resided.  Mueller then petitioned for habeas corpus relief, seeking to have DFS discharge his children, in the Circuit Court for the City of St. Louis, the State's Court of Appeals, and its Supreme Court, each of which denied Mueller's requested relief.

In 1995 Mueller then filed this petition on behalf of his children for a writ of habeas corpus in the District Court.  His petition alleged that his children were being illegally restrained of their liberty by DFS. He also alleged that his former wife's new-trial motion and subsequent nunc pro tunc custody motion were entered without notice to him or a hearing, that the judge issued his March 30 detention order without jurisdiction and without notice or hearing, and that the May 18, 1994, order that relodged custody of the children with DFS was entered without jurisdiction.  Thus, contends Mueller, none of the custody orders pursuant to which DFS could claim it holds the children is valid:  the first one was vacated on appeal; the second was granted without jurisdiction, because the judge had no related case pending before him, the children did not reside in the City of St. Louis, and there was no notice or hearing; and the third was entered without jurisdiction because the children were neither residents of the

City nor lawfully present there.  Consequently, Mueller contends, the only currently valid custody order is the one entered for him in 1989.

II.

The District Court, citing <u>Lehman v. Lycoming County Children's Services Agency</u>, 458 U.S. 502 (1982), and <u>Amerson v. Iowa</u>, 59 F.3d 92 (8th Cir. 1995) (per curiam), <u>cert. denied</u>, 116 S. Ct. 791 (1996), held that it had no jurisdiction.  <u>Lehman</u> holds, in general, that federal courts have no jurisdiction in habeas corpus to determine parents' right to custody of their minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution.  Mueller points to a footnote in <u>Lehman</u>, in which the Supreme Court expressly reserved from its holding the question of the "availability of federal habeas when a child is actually confined in a state institution rather than being at liberty in the custody of a foster parent pursuant to a court order."  458 U.S. at 511 n.12, 102 S. Ct. at 3237 n.12.

We think that this Court's opinion in <u>Amerson</u> has effectively resolved, at least for purposes of the present case, the issue reserved by the Supreme Court in its <u>Lehman</u> footnote.  <u>Amerson</u> was a case much like the present one.  A mother brought a petition for federal habeas corpus as next friend for her son.  The son was in the custody of the Iowa Department of Human Services, having been determined by a juvenile court to be a "child in need of assistance," Iowa Code § 232.2(6)(c)(2) (1991).  We affirmed the decision of the District Court to dismiss the habeas petition for want of jurisdiction, and we did so even though the child had been placed in a number of state institutions by order of the state court.  We said: "Although [the child] has been housed in state

-5-

institutions, we do not believe that he is 'in custody' within the meaning of the habeas statute."  59 F.3d at 94.

The child in <u>Amerson</u>, like the children in this case, had not been incarcerated as punishment for crime, or as a consequence of a finding of delinquency.  The State has assumed custody of Mueller's children because, in the judgment of a state court, this is in the best interests of the children.  What we said in <u>Amerson</u> is equally applicable here:

> We also note that many of the prudential considerations discussed by the Supreme Court in <u>Lehman</u> are present in this case.  <u>See Lehman</u>, 458 U.S. at 512-15, 102 S. Ct. at 3237-39.  Iowa has a great interest in the finality of its determinations related to the type of care and custody that is appropriate  for M.H., and direct appellate review of the . . . custody process provides M.H. an adequate means for asserting his basic federal rights.  <u>See</u> Iowa Code § 232.133 (1995) (providing for appellate review of decisions of juvenile courts); <u>see also</u> <u>Lehman</u>, 458 U.S. at 511 n. 14, 515, 102 S. Ct. at 3237 n.14, 3239.

59 F.3d at 95.  This case involves essentially a family matter, a question of the best interests of children, and the message of the Supreme Court in <u>Lehman</u> and of this Court in <u>Amerson</u> is that federal habeas is, in general, not available in such situations.  We therefore feel constrained by precedent to agree with the District Court that there is no federal jurisdiction in this case.

Another matter deserves some comment.  The Missouri Division of Family Services is the appellee in this Court.  It has, nonetheless, virtually ignored this appeal.  It did not file a brief.  We entered an order warning the Division that if it failed

to file its brief by a certain extended date, fixed in the order, it would be barred from later filing a brief, participating in oral argument, or otherwise being heard in connection with the appeal. There was no response to this order. Thus, the Division has won its case, but no thanks to any efforts of its own. We would like to think that this conduct on the part of the Division, or its lawyers, was not consciously intended to show disrespect for this Court. We must say that this sort of conduct is not what we expect of lawyers practicing before us. The Clerk of this Court is directed to send a copy of this opinion to the Governor and the Attorney General of Missouri, for such action, if any, as they think appropriate.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.