John **MIDDLETON,** Petitioner–
Appellant,

v.

**THE ATTORNEYS GENERAL OF THE STATES OF NEW YORK and Pennsylvania, Respondents–Appellees.**

**Docket No. 04–4104–PR.**

United States Court of Appeals,
Second Circuit.

Submitted: Jan. 12, 2005.

Decided: Jan. 25, 2005.

---

John Middleton, pro se, Brooklyn, NY, Petitioner–Appellant. No appearance for respondents-appellees.

Before: KEARSE, CABRANES, and SACK, Circuit Judges.

## BACKGROUND

PER CURIAM.

Petitioner-appellant John Middleton has filed a notice of appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*) dismissing his application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, and seeks a certificate of appealability (COA) granting him leave to pursue the appeal.

Middleton and his then-wife, Virginia Bishop, began divorce proceedings in 1994. While those proceedings were pending, Bishop moved from Brooklyn, New York, where the couple had lived, to New Jersey, taking the couple's two children with her. In 2001, Bishop, the children, and Bishop's boyfriend, James Nielson, moved to Bucks County, Pennsylvania. In October 2002, the Bucks County District Attorney's Office charged Nielson with multiple crimes related to his alleged sexual abuse of the children. The Bucks County Children and Youth Social Services Agency removed the children from Bishop's custody and placed them in foster care. Middleton asserts that he did not discover that his children had been placed in foster care until October 2003.

On November 3, 2003, Middleton began habeas corpus proceedings in the district court, seeking return of his children. The court dismissed Middleton's application, concluding that it did not have jurisdiction to review state child-custody determinations under 28 U.S.C. § 2254. *Middleton v. Attorney Generals of the States of New*

*York and Pennsylvania,* No. 03–CV–5583, at 1 (E.D.N.Y. Jan. 26, 2004) (order and civil judgment) (citing *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982)).

■ Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–32, 110 Stat. 1214, Middleton's "right to appeal is governed by the certificate of appealability ... requirements ... found at 28 U.S.C. § 2253(c)." *Slack v. McDaniel,* 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). This Court therefore does not have jurisdiction to hear the appeal unless and until a COA has been granted, which only the district court or this Court may do. 28 U.S.C. § 2253(c).

On February 5, 2004, Middleton filed a motion with the district court, which the court construed as a motion for reconsideration. The court denied the motion for reconsideration and declined to issue a COA. *Middleton v. Attorneys General of the States of New York and Pennsylvania,* No. 03–CV–5583, at 3 (E.D.N.Y. June 14, 2004) (order). On June 23, 2004, Middleton filed a notice of appeal from the district court's dismissal of his section 2254 petition. On September 1, 2004, Middleton moved in this Court for a COA.

■ Under 28 U.S.C. § 2253(c), "a COA may issue only upon the 'substantial showing of the denial of a constitutional right.'" *Slack,* 529 U.S. at 483, 120 S.Ct. 1595 (quoting section 2253(c)). The petitioner must show "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 484, 120 S.Ct. 1595 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

■ Under *Lehman v. Lycoming County Children's Servs. Agency, supra,* children in foster care are not in the "custody" of the state within the meaning of section 2254. 458 U.S. at 510–11, 102 S.Ct. 3231. Rather, "[t]hey are in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents." *Id.* at 510, 102 S.Ct. 3231.

> Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty ..., and they suffer no "collateral consequences" ... [as those terms are used in the case law] sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas.

*Id.* at 510–11, 102 S.Ct. 3231. Because Middleton and Bishop's children are not in state custody within the meaning of section 2254, the federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination. *Id.* at 512, 102 S.Ct. 3231.

Middleton argues here that his case must be distinguished from *Lehman* on the ground that Middleton's parental rights have not been terminated. The rationale of *Lehman* does not, however, turn on such a distinction, focusing narrowly on the nature of the "custody" at issue instead. *Lehman* is therefore controlling law and forecloses Middleton's habeas application. "[R]easonable jurists could [not] debate whether" the district court's dismissal of the petition was a correct resolution of the matter. *Slack,* 529 U.S. at 484, 120 S.Ct. 1595. It was. Middleton's appli-

cation therefore does not meet the standard for issuance of a COA. We thus must decline to issue such a COA and are therefore without jurisdiction to hear the appeal.

## CONCLUSION

For the foregoing reasons, petitioner-appellant's motion for a COA is denied and his appeal is dismissed.