**UNITED STATES of America,**
**Appellee,**

v.

**Yakov ROZENFELD, Dimitri Starikov, Igor Souvorkine, Yuri Serov, Defendants,**

Igor Brunshtein, Defendant–Appellant.

No. 02–1769–CR.

United States Court of Appeals,
Second Circuit.

May 18, 2005.

Jeremy Gutman, New York, NY, for Appellant.

Anirudh Bansal, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Jennifer G. Rodgers, Adam B. Siegel, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, FEINBERG, and RAGGI, Circuit Judges.

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED** and the case is **REMANDED.**

Defendant-appellant Igor Brunshtein appeals from a judgment of conviction for conspiracy to commit visa and identification-document fraud, entered on December 19, 2002, following a jury trial in the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*). Brunshtein argues that the dis-

trict court erred in (1) refusing to grant a mistrial based on Brunshtein's outbursts at trial in the presence of the jury; (2) admitting into evidence the plea allocution of a co-conspirator in violation of the Sixth Amendment's Confrontation Clause; (3) concluding that Brunshtein was a "manager" under section 3B1.1(b) of the federal Sentencing Guidelines; (4) concluding that Brunshtein's offense involved 100 or more documents, as contemplated by section 2L2.1(b)(2)(C) of the Guidelines; (5) imposing an improper sentence based on Brunshtein's conviction under a duplicitous indictment; and (6) sentencing Brunshtein above the statutory maximum based on facts not proven to the jury beyond a reasonable doubt, in contravention of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Brunshtein raises various other constitutional challenges by way of a *pro se* supplemental brief. Familiarity with the facts and procedural history is assumed. We affirm the judgment of the district court.

█ We review the district court's denial of a motion to declare a mistrial for abuse of discretion. *See United States v. Carson,* 52 F.3d 1173, 1188 (2d Cir.1995). Given that the asserted grounds for a mistrial were caused by Brunshtein himself, *see United States v. Marshall,* 458 F.2d 446, 451 & n. 10 (2d Cir.1972), that the district court instructed the jury to disregard Brunshtein's outbursts, *see United States v. Mussaleen,* 35 F.3d 692, 695 (2d Cir.1994), and that those outbursts, even without the limiting instruction, were not particularly prejudicial to Brunshtein, we find that the district court did not abuse its discretion.

█ While the admission of the co-conspirator's plea allocution was error in light of the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we find that the error was harmless beyond a rea-

sonable doubt in light of the ample additional evidence of guilt presented in this case, *see United States v. McClain,* 377 F.3d 219, 222 (2d Cir.2004); *United States v. Bruno,* 383 F.3d 65, 77–81 (2d Cir.2004). We note that at trial Brunshtein's counsel himself effectively conceded the existence of a conspiracy, the fact the allocution was admitted to establish.

We find no error in the district court's ruling that Brunshtein was a "manager" under U.S.S.G. § 3B1.1(b). The evidence showed that Brunshtein was in charge of at least one other person involved in the offense and that there were five or more total participants. *See United States v. Huerta,* 371 F.3d 88, 91 (2d Cir.2004); *United States v. Si Lu Tian,* 339 F.3d 143, 156 (2d Cir.2003). This is true even assuming that the scope of the conspiracy for which Brunshtein may be held accountable under the guideline is limited to the fraudulent-document operation directly associated with 1058 Ocean Avenue.

█ We find no error in the district court's ruling that there were 100 or more documents involved in Brunshtein's offense and that U.S.S.G. § 2L2.1(b)(2)(C) was therefore applicable. The district court found "that [Brunshtein] himself was involved in the production of more than a hundred counterfeit visas and 194 white cards and altered passports...." Given Brunshtein's close connection with Dimitri Starikov, with whom he shared clients, a driver, and office facilities, it was not error for the district court to include documents nominally intended for Starikov's "clients" in calculating the number of documents within "the scope of criminal activity agreed upon" by Brunshtein. *United States v. Studley,* 47 F.3d 569, 574 (2d Cir.1995); *see also* U.S.S.G. § 1B1.3, cmt. n.2. Testimony by a cooperating witness clearly indicated that in the course of the conspiracy, Brunshtein and Starikov pro-

vided well over 100 sets of documents to their clients.

We find no reversible error with regard to Brunshtein's argument that the indictment was duplicitous because it charged him with conspiracy under both 18 U.S.C. § 371 and 18 U.S.C. § 1028(f). For one, the argument has been waived, as the alleged defect was apparent on the face of the indictment and Brunshtein did not raise an objection before (or even during) the trial. *See United States v. Viserto,* 596 F.2d 531, 538 (2d Cir.1979). Even if Brunshtein had lodged a timely objection, however, his argument would fail because it is clear from the record of the pretrial proceedings and the jury's special verdict form that Brunshtein was in no way prejudiced by the nature of the indictment. *See United States v. Sturdivant,* 244 F.3d 71, 75 (2d Cir.2001) (indictment is impermissibly duplicitous only if there has been prejudice to defendant).

Finally, because the district court treated the Sentencing Guidelines as mandatory, we remand this case for further proceedings in conformity with *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

We have carefully considered Brunshtein's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and the case is **REMANDED.**