File Name: 06a0796n.06
Filed: October 25, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-4397

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

JESSICA JACOBSON, A Minor, et al.,

    Petitioners-Appellants,

v.

SUMMIT COUNTY CHILDREN SERVICES
BOARD, et al.,

    Respondents-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge[*]

    BOYCE F. MARTIN, JR., Circuit Judge. Joann Jacobson, the biological mother of Jessica

Jacobson, appeals the district court's denial of a writ of habeas corpus seeking release of Jessica

from the permanent custody of the Summit County (Ohio) Children Services Board. Because the

district court correctly concluded that federal courts lack jurisdiction to hear habeas claims of this

nature, we **AFFIRM** the district court's decision.

I

    Ms. Jacobson's custody rights over her minor daughter were terminated following a trial in

the Summit County Juvenile Court in June 2002. The County Child Services Board had moved for

---

[*]The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern
District of Kentucky, sitting by designation.

permanent custody based upon its contention that Ms. Jacobson was not capable of providing proper care for Jessica, who was born with several physical deformities requiring numerous surgeries and extended hospital stays. The Board's position was buttressed by allegations that Ms. Jacobson had abused and neglected Jessica. The decision of the juvenile court was affirmed in December 2002 by Ohio's Ninth Judicial District Court of Appeals. Ms. Jacobson then filed a motion for relief from the judgment under Rule 60(b) in the Summit County Court of Common Pleas. This motion was denied, and Jacobson's appeal to the Ninth Judicial District Court of Appeals on the Rule 60(b) issue was similarly unavailing. Jacobson then appealed both rulings to the Ohio Supreme Court, which declined to address either appeal.

On March 10, 2005, Ms. Jacobson filed a petition for writ of habeas corpus in federal district court, claiming that her daughter was being unlawfully detained because she was not given a fair hearing at the permanent custody trial. The Child Services Board moved for summary judgment on the matter, arguing that habeas corpus was not available as a remedy. The district court granted the motion on two grounds: (1) because federal habeas jurisdiction is not available to review state court custody determinations, and (2) because federal habeas relief is not available when, as here, there was an adequate remedy at law. Ms. Jacobson now appeals the district court's ruling.

II

Ms. Jacobson's argument before the district court was that her daughter was unconstitutionally detained and restrained of her liberty, and thus a writ of habeas corpus should

issue, releasing Jessica back into Ms. Jacobson's custody.[1] On review, we need not reach the district court's denial of the writ on "adequate remedy at law" grounds because the question may be resolved on jurisdictional grounds alone. In *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 516 (1982), the Supreme Court held that federal courts are without jurisdiction under 28 U.S.C. § 2254 to review state court judgments involuntarily terminating parental rights. The Court's decision in *Lehman* was based on a reading of the word "custody" as it appears in the habeas statute:

> [A]lthough the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the same sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents.

458 U.S. at 510. *See also Middleton v. Attorneys General of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (noting that "the federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination"); *Amerson v. State of Iowa, Iowa Dep't of Human Services*, 59 F.3d 92, 94-95 (8th Cir. 1995) ("The state's physical custody of [the boy] has not restrained his liberty to a significantly greater extent than a parent's or foster parent's custody. The state has neither incarcerated [the boy] nor imposed penal restrictions upon him. Such custody does not present the type of confinement for which habeas jurisdiction traditionally exists."); *Harless v. Dep't of Child Protective Services, Tarrent County Texas*, No. 3:99CV-74-S, 1999 WL 33756653, at *2 (W.D. Ky. Feb. 10, 1999) (same).

---

[1]Curiously, Jacobson's brief does not focus on the habeas issue, which was the crux of her argument to get into federal court in the first place, but rather on the state court's denial of her Rule 60(b) motion for relief from the custody judgment. Jacobson only addresses the habeas issue head on – and then only briefly – in her Reply Brief.

Ms. Jacobson fails to cite any authority challenging *Lehman*. Rather, she relies on the vague assertion that because the doctrine of habeas corpus is no longer subject to the "stifling formalisms" or "arcane and scholastic procedural requirements" of yore, habeas should therefore be a generally available remedy to petitioners in all instances. Reply Br. at 2. It is true that the scope of habeas relief has been expanded since the time of the Founders, but none of these expansions suggest that federal habeas was meant to encroach on the area of state child custody determinations. *See Lehman*, 458 U.S. at 512 (noting that "federal courts consistently have shown special solicitude for state interests in the field of family and family-property arrangements").

III

For the reasons discussed above, we **AFFIRM** the decision of the district court.