UNITED STATES of America,

v.

Igor BRUNSHTEIN.

Nos. 01 Cr. 308(SHS), 07
Civ. 9268(SHS).

United States District Court,
S.D. New York.

April 17, 2008.

See also 131 Fed.Appx. 759.

Anirudh Bansal, United States Attorney's Off., New York, NY, for United States of America.

Igor Brunshtein, Otisville, NY, pro se.

## OPINION AND ORDER

SIDNEY H. STEIN, District Judge.

On December 13, 2002, petitioner Igor Brunshtein was sentenced to, *inter alia*, a term of eighty-seven months' imprisonment for conspiring to commit visa and identification document fraud in violation of 18 U.S.C. §§ 371 & 1028(f). Brunshtein now petitions pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that he received constitutionally ineffective assistance of counsel during his trial and two subsequent appeals.

Specifically, Brunshtein contends that (1) his trial counsel and his counsel on his first appeal were both ineffective because they failed to object to this Court's jurisdiction on the ground that Title 18 of the United States Code has never been enacted into positive law; and (2) counsel appointed to represent Brunshtein upon remand to the district court for possible resentencing pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), was ineffective because he allegedly advised Brunshtein to withdraw his appeal from this Court's denial of resentencing in order for Brunshtein to seek a transfer to an Israeli prison under the International Prisoner Transfer Program, 18 U.S.C. §§ 4100 *et seq.*; U.S. Dept. of Justice Federal Bureau of Prisons Policy No. 5140.34. Because each of his attorneys provided him with the level of legal assistance guaranteed by the Sixth Amendment, Brunshtein's petition is dismissed.

## I. BACKGROUND

In April 2001, Brunshtein was charged with a single count of conspiracy to commit visa and identification document fraud. A jury returned a guilty verdict after trial on that count on December 3, 2001. During this period, Brunshtein was represented principally by Thomas Nooter, Esq. On December 13, 2002, this Court sentenced Brunshtein, *inter alia*, to eighty-seven months' imprisonment, which was at the bottom of the applicable Guidelines range of eighty-seven to 108 months. In determining Brunshtein's sentence, this Court found that because his offense involved at least 100 fraudulent immigration documents, a nine level enhancement in the base offense level was warranted pursuant to U.S.S.G. § 2L2.1(b)(2)(C). (*See* Presentence Report revised May 7, 2002 ¶¶ 16, 26; Judgment of Conviction dated December 17, 2002; Tr. of December 13, 2002 Sentencing Hearing at 23:23–24:5.)

Brunshtein appealed both the conviction and sentence. On that appeal, he was represented by Jeremy Gutman, Esq. and argued that this Court erred by imposing that nine level enhancement, among a number of other arguments. *See United States v. Rozenfeld (Brunshtein)*, 131 Fed. Appx. 759, 761 (2d Cir.2005) ("*Brunshtein*"). In a summary order issued after the Guidelines were rendered advisory by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Court of Appeals for the Second Circuit affirmed the judgment. The panel unanimously rejected each of Brunshtein's arguments but remanded for further proceedings pursuant to *Crosby*.

*Brunshtein,* 131 Fed.Appx. at 762; *see also Crosby,* 397 F.3d at 119 (describing limited remand to afford a sentencing court the opportunity to determine whether a pre-*Booker* sentence would have been non-trivially different under the post-*Booker* regime of advisory Guidelines, and if so, to resentence accordingly). Neither Nooter nor Gutman challenged the jurisdiction of this Court on the ground that Title 18 of the United States Code had never been enacted into positive law.

On the remand pursuant to *Crosby,* Brunshtein was represented by Donald du-Boulay Esq. On March 17, 2006, after receiving briefing and argument from the parties, this Court determined not to resentence Brunshtein because any such sentence would not be non-trivially different than the one imposed when the Court was under the belief that the Sentencing Guidelines were mandatory rather than advisory.

On March 24, 2006, Brunshtein filed a notice of appeal from that determination (the "*Crosby* appeal"). While that appeal was pending, according to the section 2255 petition, Brunshtein's counsel "advised petitioner to withdraw his direct appeal in exchange for a chance at a treaty transfer" back to Israel. (Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Pet.") ¶ 12(A).) On August 7, 2006, Brunshtein filed a stipulation with the Second Circuit, signed by Brunshtein, duBoulay, and the Assistant United States Attorney assigned to the appeal, withdrawing his appeal from this Court's determination not to resentence him. (Docket Entry August 8, 2006, 2d Cir. Case No. 06–1994.) The appeal was subsequently dismissed on August 22, 2006. (Docket Entry August 22, 2006, 2d Cir. Case No. 06–1994.) Brunshtein argues in this section 2255 petition that duBoulay's advice was constitutionally deficient because it caused him to give up a valuable right—the right to pursue the *Crosby* appeal—without any compensating benefit, since he has not secured a transfer to an Israeli prison. On October 16, 2007, Brunshtein filed this *pro se* petition pursuant to 28 U.S.C. § 2255.[1]

## II. DISCUSSION

### A. *Legal Standards*

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his attorney's representation fell below an objective standard of reasonableness, *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) there is a "reasonable probability" that the outcome of the proceeding would have been different but for counsel's error. *Id.* at 694, 104 S.Ct. 2052.

With regard to the first prong, a court must afford a " 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance,' " *United States v. Jones,* 918 F.2d 9, 12 (2d Cir.1990) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052), and must resist the temptation to "second-guess . . . counsel's defense strategy simply because the chosen strategy has failed." *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987). Instead, "every effort [should] be made to eliminate the distort-

---

1. At the same time as Brunshtein filed this petition pursuant to 28 U.S.C. § 2255, he also moved in the Court of Appeals to "Recall the Mandate to Reinstate the Direct Appeal and to Appoint Counsel." (Docket Entry September 7, 2007, 2d Cir. Case No. 06–1994.) In that motion, Brunshtein raises the same points he does here. Indeed, in responding to the petition in this Court, the government refers to the memorandum Brunshtein submitted at the Second Circuit, as Brunshtein himself does in his reply letter dated January 10, 2008 in support of this petition.

ing effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation ... the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (internal citation omitted).

As to the second prong, a reasonable probability that the outcome would have been different but for counsel's unprofessional errors, is a "'probability sufficient to undermine confidence in the outcome.'" *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir.1994) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

### B. Trial and Appellate Counsel Were Not Ineffective for Failing to Challenge the Validity of Title 18 of the United States Code

■ As noted above, Brunshtein contends that Mr. Nooter at trial and Mr. Gutman on the first appeal were both ineffective because each failed to challenge this Court's jurisdiction on the ground that Title 18 of the United States Code "was never enacted into positive law." (Pet. ¶ 12(B).) It may be true that "conduct may not be treated as criminal unless it has been so defined by a competent authority ... before it has taken place." *United States v. Lanier*, 520 U.S. 259, 265, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (citing H. Packer, *The Limits of the Criminal Sanction* 79–96 (1968)) (quotations omitted). However, Title 18 of the United States Code was validly enacted into positive law by the Act of June 25, 1948, ch. 645, 62 Stat. 683. *See, e.g., United States*

*v. Whitlock*, 663 F.2d 1094, 1108 n. 3 (D.C.Cir.1980) (MacKinnon, J. concurring); *United States v. Watson*, 570 F.2d 282, 284 (8th Cir.1978) (per curiam). It was certainly not ineffective assistance of counsel for Brunshtein's attorneys to refrain from making an utterly bootless argument.

### C. Counsel on the Appeal from the Crosby Remand Was Not Ineffective

Brunshtein also contends that Mr. duBoulay provided constitutionally ineffective assistance when he allegedly advised Brunshtein to withdraw his appeal from this Court's determination not to resentence Brunshtein pursuant to *Crosby* in order for Brunshtein to seek an international prisoner transfer. Mindful of its duty to evaluate counsel's conduct without the "distorting effects of hindsight," *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, the Court holds that duBoulay's advocacy well met an objective standard of reasonableness.[2]

■ First, Brunshtein's decision to withdraw his *Crosby* appeal held out the promise of a substantial benefit to him. The statute providing for the transfer of United States prisoners to foreign prisons itself provides explicitly that, "[a]n offender [may] not be transferred to or from the United States if a proceeding by way of appeal or of collateral attack upon the conviction or sentence [is] pending." 18 U.S.C. § 4100(c). Therefore Brunshtein could not have sought a treaty transfer during the pendency of the appeal. Brunshtein responds that it would have made more sense to pursue the appeal to its conclusion first and then to seek a prison transfer if the appeal were unsuc-

---

**2.** It should be noted that the Court's analysis assumes that duBoulay advised Brunshtein to seek the transfer and to withdraw the *Crosby*

appeal and it was not Brunshtein's independent decision to do so.

cessful. (Letter of Reply dated Jan. 10, 2008 ("Reply Ltr.") at 1.) However, it certainly was objectively reasonable for duBoulay to have assessed the likelihood of success on Brunshtein's *Crosby* appeal as small indeed and therefore it would have been objectively reasonable for duBoulay to have recommended withdrawing an appeal that had little likelihood of success in order to apply for an international prison transfer earlier than would have been possible if the appeal were still pending regardless of exactly how long it would have taken to pursue the appeal.

■ Indeed, any advice that the *Crosby* appeal had little chance of success was objectively reasonable. On appeal of a district court's determination pursuant to *Crosby* not to resentence a defendant, the Court of Appeals will review a defendant's sentence for "reasonableness." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007); *United States v. Park*, 461 F.3d 245, 246–47 (2d Cir.2006). However, given that appeals from *Crosby* remands occur only after there has been at least one prior appeal, "the law of the case doctrine ordinarily will bar a defendant from renewing challenges to rulings made by the sentencing court that were adjudicated by [the Court of Appeals]—or that could have been adjudicated by [the Court of Appeals] had the defendant made them—during the initial appeal that led to the *Crosby* remand." *Williams*, 475 F.3d at 475; *see also United States v. Frias*, 521 F.3d 229, 235 (2d Cir.2008). In addition, when the Court of Appeals reviews the *length* of the original sentence for reasonableness, *id.* at 476, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *cert. denied*, ─ U.S. ──, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006): *see also United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir.2008) (sentences will be "unreasonable" by virtue of their length or brevity only in "rare cases").

In his section 2255 petition, Brunshtein does not identify any issue that he would have raised on the *Crosby* appeal. In his currently pending motion at the Second Circuit to recall the mandate and reinstate the *Crosby* appeal, he identifies this Court's determination at sentencing that there were 100 or more documents involved in the offense and that an enhancement pursuant to U.S.S.G. § 2L2.1(b)(2)(C) was applicable as the issue he intended to raise on appeal. (Mot. to Recall the Mandate to Reinstate the Direct Appeal and to Appoint Counsel at 2, 2d Cir. Case No. 06–1994.) However, Brunshtein raised precisely this issue in his initial appeal and the Court of Appeals specifically stated "[w]e find no error" in that ruling. *Brunshtein*, 131 Fed.Appx. at 761. Indeed, the remand in this action was limited to "further proceedings in conformity with *United States v. Crosby*," *Brunshtein*, 131 Fed.Appx. at 762. On appeal from such a remand determination, the Court of Appeals "will not consider [a defendant's] challenge to the district court's Sentencing Guidelines calculations or to the findings of fact underlying those calculations." *Frias*, 521 F.3d at 235 (*citing Williams*, 475 F.3d at 475–76 and *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir.2002)). Thus it is highly unlikely that Brunshtein's Guideline calculation argument would have met with success on appeal.

Moreover, because the eighty-seven month sentence imposed by this Court fell within the Guidelines range—indeed it was at the bottom of the range of eighty-seven to 108 months—it was objectively reasonable for duBoulay to have advised Brunsh-

tein that the likelihood was that the Court of Appeals would find that Brunshtein's sentence was not an unreasonable one. Given the apparent benefit of dismissing the *Crosby* appeal—i.e., enabling Brunshtein to apply immediately for a transfer to Israel—versus an unlikely chance of success on the appeal, duBoulay cannot be said to have provided objectively unreasonable representation.

The second prong of the *Strickland* test is that there must be a reasonable probability that the outcome would have been different but for counsel's error. This Court has found no error in what Brunshtein claims was duBoulay's advice. In any event, as set forth above, even had the *Crosby* appeal not been withdrawn, there was no "reasonable probability" that the appeal would have been successful: all of Brunshtein's contentions on the direct appeal had been rejected by the Second Circuit, *Brunshtein*, 131 Fed.Appx. at 762. The only issue raised by Brunshtein now (the 100 document enhancement) has already been ruled upon; the sentence was within the Guidelines range; and the Court performed a thorough analysis of the factors in 18 U.S.C. § 3553(a) in deciding not to resentence Brunshtein. (*See* Tr. of proceedings held March 17, 2006 pursuant to *Crosby* remand at 17–19.)

■ In his reply letter, for the first time, Brunshtein contends that duBoulay was required to file an "*Anders* brief" certifying that Brunshtein had no non-frivolous issues to raise on the *Crosby* appeal rather than filing a stipulation, signed by Brunshtein, duBoulay, and the government's attorney, withdrawing the appeal. (Reply Ltr. at 2–3, referring to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). In *Anders*, the Supreme Court ruled that "if [defense] counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. Here, however, the issue is not whether the *Crosby* appeal was "wholly frivolous" or not. Rather, the issue is whether counsel's alleged advice to Brunshtein to withdraw the appeal in order to seek an immediate transfer to an Israeli prison was objectively reasonable.

Caselaw supports that conclusion. In *Jones v. Estelle*, the defendant's attorney had advised him to withdraw an appeal, based on counsel's evaluation of the likelihood of succeeding versus the defendant's potential loss of state "good time" credit during the pendency of the appeal. 584 F.2d 687, 691 (5th Cir.1978). The district and circuit courts both found that advice to have been effective assistance. The circuit panel held that compliance with *Anders* was not required where—as here—a client withdraws an appeal on advice of counsel. "To hold otherwise," the court held, would "make it very difficult, if not impossible, for an appellate attorney to give his client sound advice to withdraw an appeal." *Id.*; *see also Bruno v. United States*, No. 97–civ–2018, 1997 WL 433486, at *2 (S.D.N.Y. Aug. 1, 1997) ("*Anders*, however, is inapplicable where, as here, counsel has made a strategic decision not to file an appeal."); *Miller v. United States*, No. 02–cr–266, 2005 WL 2990193, at *9 (W.D.Mich. Nov. 8, 2005) (*Anders* inapplicable where defendant elected to accept his attorney's advice to withdraw his appeal in order to better preserve a motion for a reduction in his sentence).

The issue before this Court is whether duBoulay's alleged advice to withdraw the *Crosby* appeal was objectively reasonable given the limited chances of its success on one hand versus the perceived benefit of withdrawing the appeal in order to immediately seek a prisoner transfer on the

other. Such advice was objectively reasonable.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed;

2. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Middleton v. Attorneys Gen. of New York and Pennsylvania,* 396 F.3d 207 (2d Cir.2005) (per curiam); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000); *Soto v. United States,* 185 F.3d 48, 51–53 (2d Cir.1999); *United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997); and

3. Pursuant to 28 U.S.C. § 1915(a)(3) the Court certifies that any appeal from this Opinion and Order would not be taken in good faith.

SO ORDERED.