Davis v. Baldwin

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand fifteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

———————————————————————

Tyreek Davis, on behalf of N. Brown, S. Brown, I. Brown and A. Davis,

> *Plaintiff-Appellant*,
>
> v.                                                              14-753

Chini Baldwin, Caseworker, in her individual and official capacity, and John Mattingly, in his individual and official capacity as Commissioner of ACS,

> *Defendants-Appellees*,

Amanda E. White, in her individual and official capacity as Justice of the Superior Court of Kings County,

> *Defendant*.

1

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Tyreek Davis, pro se, Richmond, VA |
| **FOR DEFENDANTS-APPELLEES:** | Marta Soja Ross, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tyreek Davis, proceeding pro se, appeals from the district court's December 31, 2013 judgment granting the defendants' motion to dismiss his 42 U.S.C. § 1983 complaint and denying his 28 U.S.C. § 2254 petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, Davis seeks to appeal the denial of his petition for writ of habeas corpus. Because a petitioner must obtain a certificate of appealability ("COA") prior to appealing "a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by state court," 28 U.S.C. § 2253(c), we construe his brief as also requesting a COA. As the district court observed, however, Davis cannot challenge a child-custody determination pursuant to a habeas corpus petition. *See Middleton v. Attorneys Gen. of States of N.Y. & Penn.*, 396 F.3d 207, 209 (2d Cir. 2005). Accordingly, we decline to grant a COA and dismiss the appeal from the denial of Davis's habeas corpus petition for lack of jurisdiction.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d

2

Cir. 2000). When determining whether subject matter jurisdiction exists, the district court may examine evidence outside the pleadings. *Id.* When, as here, it has done so, we review the district court's factual findings for clear error and its legal conclusions de novo. *Id.*

Regardless of the status of Davis's state court appeal, *see Gabriele v. Am. Home Mort. Servicing*, 503 F. App'x 89, 92 (2d Cir. 2012) (assuming, without deciding, that *Rooker-Feldman* applied even though state appeal pending), the *Rooker-Feldman* doctrine does not apply here because Davis does not invite review and rejection of a "final state-court judgment," *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Davis challenged the Family Court's temporary orders of removal and protection rather than a final order of disposition. Indeed, Davis did not dispute that a final custody order had not yet been entered when he filed his complaint, and his exhibits demonstrate that an interlocutory appeal from temporary orders entered in those proceedings was taken well after the filing of his federal complaint. Like the plaintiff in *Green v. Mattingly*, Davis sought review and rejection of temporary orders rather than a final order of disposition of the custody of his child. *See* 585 F.3d 97, 100 (2d Cir 2009). Thus, Davis cannot be deemed to be seeking review and rejection of a final state court judgment because the family court proceedings were ongoing: that court could have superseded its temporary rulings and rendered a final disposition different from the challenged orders. *See id.* at 102-03 (holding that plaintiff did not invite review and rejection of a state court judgment because Family Court issued order superseding its prior temporary order).

The district court nonetheless properly dismissed the action. *See Cephas v. Nash*, 328 F.3d 98, 100 (2d Cir. 2003) (Court of Appeals may affirm on any basis supported by the record). Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37,

3

43-45 (1971), a district court must dismiss the federal action if it involves ongoing: (1) "state criminal prosecutions"; (2) "civil proceedings that are akin to criminal prosecutions"; or (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). As the Supreme Court observed, a "state-initiated proceeding to gain custody of children allegedly abused by their parents" falls within the second category. *Id.* at 592 (citing *Moore v. Sims*, 442 U.S. 415, 419-20 (1979)). Because Davis does not dispute that the federal action here involved an ongoing, state-initiated custody proceeding, the proper basis for the district court's dismissal was the *Younger* abstention doctrine.

We have considered Davis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4